IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNARD A. SMITH, | No. C 07-4089 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| STEVEN G. DAVIS, D.M. BENEDETTI, J. VERA, A.J. VASQUEZ, G. G. VERDESOTO, A. PADILLA, | |
| Defendants. | |

Plaintiff Lynnard Smith ("Plaintiff"), formerly incarcerated at the Correctional Training Facility in Soledad, California, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that prison officials have violated his constitutional rights with regard to an incident involving Defendant Davis, the result of which Plaintiff was charged with a prison disciplinary violation. By separate order filed simultaneously, Plaintiff has been granted leave to proceed in forma pauperis.

**BACKGROUND**

Plaintiff alleges that on February 19 and 20, 2005, Plaintiff was at his job in the culinary at the prison and had interactions with Defendant Davis which he contends were harassment. He then complains that on February 21, 2005, Defendant Davis approached him and initiated contact with him and that he informed Davis that he did not want to speak with him without witnesses present, which angered Davis. Later, when Plaintiff was talking with another inmate, Defendant Davis came up and "maliciously grabbed Plaintiff's left arm, then violently started pulling and snatching on Plaintiff's person" without justification. Plaintiff then alleges that he asked Davis to let him go, after which Davis "released Plaintiff, pressed

his personal alarm, pulled out his state issued metal baton, [and] took a combat stance against Plaintiff." Plaintiff alleges that he was then escorted out and subsequently charged with a disciplinary violation, even after his supervisor in the culinary had confirmed his version of events. Plaintiff alleges that Davis falsified reports to cover up his own aggressive conduct and that he was subsequently charged with the violation on February 26, 2005, only after the "Watch Commander" was off duty for the weekend, then he was placed in administrative segregation and that several other Defendants, who were not those with supervisory responsibility over this issue, conspired with Davis in the disciplinary proceedings that followed and "failed to report [Davis'] misconduct/assault on Plaintiff[.]"

Plaintiff further asserts that at the disciplinary hearing involving this incident that followed over which Defendant Vera presided, he was charged with "threatening a public official" but that he was only found guilty of a lesser offense of "refusal of a direct order." Plaintiff does not state whether he suffered any loss of good time credit, or other sanction as a result of this guilty finding. Plaintiff complains that witnesses that he requested were not called, but he does not state why or whether their statements were considered by the finder of fact.

## DISCUSSION

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West*

*v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633[1]; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the Plaintiff must instead "set forth specific facts as to each individual Defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

**B.    Legal Claims**

    1.    Excessive Force

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir.

---

[1] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Leer*, 844 F.2d at 633 (citations omitted).

3

1993). It is unclear whether Plaintiff is attempting to pursue an Eighth Amendment claim against Defendant Davis. However, Plaintiff's allegations against Defendant Davis with regard to the incident on February 21, 2005 are insufficient to state a claim for excessive force and will be dismissed. However, Plaintiff will be provided with leave to amend as set forth below.

### 2. False Charges/Guilty Finding

Plaintiff further complains about the false accusations and allegations made against him by Davis that formed the basis for his disciplinary guilty finding, and the failure of officials to report Davis' misconduct for these falsities on hearing from others that Davis' version of events was contradicted by other witnesses.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). The allegations that Plaintiff was falsely accused and wrongly found guilty on false information fails to state a claim for relief and must be dismissed.

With regard to Plaintiff's allegations that the other officials failed to pursue discipline for these falsities by Defendant Davis or was liable for the misdeeds as a result of reviewing Davis' statements in prison paperwork, Plaintiff should be mindful that a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Under no circumstances is there

"respondeat superior" liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) The allegations against Defendants Benedetti, Vera, Vasquez, Verdesoto and Padilla are also insufficient to state a claim. Therefore, the claims are dismissed with leave to amend.

3.  Due Process

Plaintiff further contests the constitutionality of the disciplinary process by which he was charged with and found guilty of 'Refusal of a Direct Order' with regard to the incident involving Defendant Davis. Plaintiff has not alleged whether he suffered any deprivation of good time credit, or other sentence or sanction in connection with this finding.

Interests that are procedurally protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the States. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital).

The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Further, in *Madrid v. Gomez*, 889 F. Supp. 1146, (N.D. Cal. 1995), the district court specifically held that the Due Process Clause itself does not protect a prisoner's interest in not being placed in administrative segregation. *See id.* at 1271. Deprivations that are less severe or more closely related to the expected conditions of confinement may also amount to deprivations of a procedurally protected liberty interest, provided (1) that State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) that the liberty in question is one of "real substance." *See Sandin* at 515 U.S. at 477-87. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) State action that "will inevitably affect the

duration of [a] sentence," *id.* at 487. Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*.

Placement in segregation pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting *Sandin*). *See also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after *Sandin*); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (holding placement in disciplinary segregation for fourteen days was not a deprivation of "real substance"), *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of mere opportunity to earn good time credits because of placement in administrative segregation does not create protected liberty interest). *Sandin* requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff*'s procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the

1  deprivation, and (2) the liberty in question is one of "real substance." *See Sandin*, 515 U.S.
2  at 477-87.
3        California's regulations concerning discipline provide explicit standards that narrowly
4  fetter official discretion. Under California Code of Regulations title 15, section 3320(l),
5  officials must find that a preponderance of the evidence substantiates the charge before guilt
6  may be found and punishment assessed. Absent such a finding the inmate may not be placed
7  in isolation nor segregation, nor assessed good-time credits. *See also* Cal. Code Regs. tit. 15,
8  § 3320(a) (requiring notice); *id.* § 3320(b) (requiring hearing). Because a prisoner may not
9  be disciplined unless explicit substantive and procedural requirements are met, the
10 disciplinary standards and procedures meet the "narrowly restrict" prong of the *Sandin* test.
11 *See Walker v. Sumner*, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations,
12 which are similar to California's, create liberty interest). However, allegations by a prisoner
13 that he was denied due process in conjunction with a disciplinary proceeding do not present a
14 constitutionally cognizable claim, however, unless the deprivation suffered is one of "real
15 substance" as defined in *Sandin*. In determining whether a restraint is an "atypical and
16 significant hardship," *Sandin* suggests that courts should consider whether the challenged
17 condition mirrored the conditions imposed on inmates in administrative segregation and
18 protective custody, and thus comported with the prison's discretionary authority; the duration
19 of the condition; the degree of restraint imposed; and whether the discipline will invariably
20 affect the duration of the prisoner's sentence. *See Serrano v. Francis*, 345 F.3d 1071, 1078
21 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). If the deprivation is
22 one of "real substance," *Wolff's* procedural protections must be afforded. Therefore, where,
23 as here, Plaintiff has failed to state a claim regarding his disciplinary proceedings because the
24 complaint does not set forth any facts regarding the discipline he suffered or allege any
25 deprivation of real substance, the claims must be dismissed. Plaintiff will be provided leave
26 to amend as set forth below.

**CONCLUSION**

28       For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff may file an amended complaint within ***thirty days from the date of this order***. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice. Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings in this action. Claims and Defendants not included in the amended complaint will not be considered by the Court. *See King v Atiyeh*, 814 F2d 565, 567 (9th Cir 1987).

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion by filing a separate paper captioned "Notice of Change of Address." Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 17, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNARD A. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN G. DAVIS et al,<br><br>　　　　Defendant.<br>_____ / | Case Number: CV07-04089 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lynnard A. Smith
D89280
CSP Solano
P.O. Box 4000
Vacaville, CA 95696

Dated: December 17, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk