IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNARD A. SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN G. DAVIS, ) <br> ) <br> Defendant. ) <br> ) | No. C 07-4089 JSW (PR) <br><br> **ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff Lynnard Smith ("Plaintiff"), formerly incarcerated at the Correctional Training Facility in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2007, this Court dismissed the complaint with leave to amend. On December 31, 2007, Plaintiff filed an amended complaint, alleging retaliation by Defendants Davis and Benedetti. This order serves the complaint.

# STATEMENT OF FACTS

Plaintiff raises claims of retaliation against Defendant for filing a disciplinary complaint against him after Plaintiff filed an administrative grievance against Davis. He seeks declaratory and injunctive relief.

# ANALYSIS

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II    Legal Claims

Plaintiff alleges that Defendant Davis retaliated against him by falsely accusing him of wrongdoing because Plaintiff had filed an administrative complaint against him. In order to state a claim for retaliation in violation of the First Amendment, a prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez,* 108 F.3d 265, 267-68 (9th Cir. 1997). He also must allege that the defendants' actions caused him some injury. *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000). Prisoners may not be retaliated against for exercising their right of access to the courts, which extends to the use of established prison grievance procedures. *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989); *Hines v. Gomez,* 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). Liberally construed, Plaintiff allegations present a cognizable claim for retaliation against Davis.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Plaintiff's retaliation claim may proceed. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon: **Correctional Officer Steven G. Davis, of the Correctional Training**

2

**Facility in Soledad, California.** The Clerk shall also serve a copy of this order on Plaintiff.

    2. In order to expedite the resolution of this case, the Court orders as follows:

        a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

        b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

3

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate document entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 25, 2008

                                JEFFREY S. WHITE
                                United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LYNNARD A. SMITH,

    Plaintiff,

v.

STEVEN G. DAVIS et al,

    Defendant.

Case Number: CV07-04089 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lynnard A. Smith
D89280
CSP Solano
P.O. Box 4000
Vacaville, CA 95696

Dated: January 25, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk