1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CHRISTOPHER M. YOUNG, State Bar No. 238532
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5553
    Fax: (415) 703-5843
8   Email: Chris.Young@doj.ca.gov

9  Attorneys for Defendant Davis

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNNARD A. SMITH,<br><br>                     Plaintiff,<br><br>     v.<br><br>STEVEN G. DAVIS,<br><br>                     Defendant. | CASE NO. C 07-4089 JSW<br><br>**DECLARATION OF DEFENDANT STEVEN DAVIS SUPPORTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |

20    I, STEVEN DAVIS, DECLARE AS FOLLOWS:

21    1.   I am competent to testify to the matters set forth herein, and if called upon to do so, I

22  would and could so testify. I submit this declaration in support of Defendant's motion for

23  summary judgment and motion to dismiss.

24    2.   I have been employed by the California Department of Corrections and Rehabilitation

25  (CDCR) since April 2000. I am currently a Correctional Officer at the Correctional Training

26  Facility, Soledad, and have served in this capacity since July 2000.

27    3.   On February 21, 2005, I was serving as a Culinary Relief Officer. My job assignment

28  was at the Central Kitchen. I was working a shift from 4 a.m. until noon.

Decl. Davis Supp. Def.'s Mot. Summ. J. & Mot. Dismiss                              *Smith v. Davis*
                                                                          Case No. C 07-4089 JSW

4. Plaintiff Smith worked in the Central Kitchen at that time. On February 20, 2005, Plaintiff was attempting to leave the kitchen, and I asked him where he was going. Instead of answering me, Plaintiff became hostile, and was very reluctant to answer me. Later that day, Plaintiff became very loud, saying repeatedly "who ya with" to other inmates, to which an unknown inmate responded by stating "the Bloods." The "Bloods" are a known prison gang. Correctional Supervising Cook Adams counseled Plaintiff on this unacceptable behavior, and documented the events on a CDC-128-B Informational General Chrono.

5. On the morning of February 21, 2005, I discussed Plaintiff's disruptive behavior with Correctional Supervising Cook Adams. Mr. Adams and I agreed that if Plaintiff continued his disruptive behavior, he would receive a written disciplinary action and would be escorted out of the kitchen. I approached Plaintiff in Mr. Adams' presence, and verbally gave Plaintiff a warning that if he acted in a disruptive manner again, his actions would be documented in a written disciplinary report.

6. At approximately 5:40 a.m. on February 21, 2005, soon after I verbally warned Plaintiff Smith that his disruptive behavior would not be tolerated, Plaintiff again became disruptive. I was stationed near the butcher shop. Plaintiff walked past me and was staring in a menacing way at me, while at the same time he began loudly raising his voice. I couldn't understand what he was saying, although a few of the words sounded like "black t-shirt." Plaintiff's behavior appeared bizarre and disruptive, so I then radioed for a Search and Escort officer to escort Plaintiff out of the kitchen. I was informed via institutional radio that no escorting officers were available, and that I would need to personally escort Plaintiff out of the kitchen. I approached Plaintiff, who at that time was standing next to the steam cookers, and instructed him that I was escorting him out of the kitchen for becoming disruptive. When I attempted to take a physical hold of Plaintiff's left arm, Plaintiff pulled away. I again instructed Plaintiff to cooperate, and again attempted to take a physical hold of Plaintiff's left arm. Plaintiff pulled away again, raising his right clenched fist as if he were going to hit me. I then activated my personal alarm and drew my baton. Responding staff arrived and escorted Plaintiff out of the kitchen in handcuffs.

Decl. Davis Supp. Def.'s Mot. Summ. J. & Mot. Dismiss

*Smith v. Davis*
Case No. C 07-4089 JSW

7. I reported the February 21 incident in RVR CDC-I-02-05-16, for the specific act of threatening a staff member. When Plaintiff pulled away from my grasp, it appeared that he was becoming violent. The February 21 incident occurred on a Monday. At that time, my regular days off were Tuesdays and Wednesdays. I worked on completing the report after returning from my regular days off, and I signed it on February 27, 2005.

8. At another prison, approximately one month before this February 21, 2005 incident, a California Correctional Officer was murdered by an inmate in a prison kitchen. That fact, along with Plaintiff's disruptive behavior and his hostility towards me, Plaintiff was a threat to prison safety and security and presented a threat to kitchen workers and correctional staff. At no time did I act in an unprofessional manner towards Plaintiff.

9. Plaintiff's disruptive behavior violated prison regulations. First, Plaintiff was reprimanded for his aggressive behavior directed at me on February 20, 2005 by Correctional Supervising Cook Adams, as stated above in paragraph four. Second, I informed Plaintiff on February 21, 2005, that he would receive a written Rules Violation Report if he became disruptive again, and soon thereafter he continued his disruptions as explained above in paragraph six. I began the process of preparing Rules Violation Report Log No. CDC-I-02-05-16 on February 21, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on April ___, 2008, at Soledad, California.

_____
STEVEN DAVIS
Correctional Officer

Decl. Davis Supp. Def.'s Mot. Summ. J. & Mot. Dismiss                           *Smith v. Davis*
                                                                                Case No. C 07-4089 JSW

3

7. I reported the February 21 incident in RVR CDC-I-02-05-16, for the specific act of threatening a staff member. When Plaintiff pulled away from my grasp, it appeared that he was becoming violent. The February 21 incident occurred on a Monday. At that time, my regular days off were Tuesdays and Wednesdays. I worked on completing the report after returning from my regular days off, and I signed it on February 27, 2005.

8. At another prison, approximately one month before this February 21, 2005 incident, a California Correctional Officer was murdered by an inmate in a prison kitchen. That fact, along with Plaintiff's disruptive behavior and his hostility towards me, Plaintiff was a threat to prison safety and security and presented a threat to kitchen workers and correctional staff. At no time did I act in an unprofessional manner towards Plaintiff.

9. Plaintiff's disruptive behavior violated prison regulations. First, Plaintiff was reprimanded for his aggressive behavior directed at me on February 20, 2005 by Correctional Supervising Cook Adams, as stated above in paragraph four. Second, I informed Plaintiff on February 21, 2005, that he would receive a written Rules Violation Report if he became disruptive again, and soon thereafter he continued his disruptions as explained above in paragraph six. I began the process of preparing Rules Violation Report Log No. CDC-I-02-05-16 on February 21, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on April 21, 2008, at Soledad, California.

STEVEN DAVIS
Correctional Officer

Decl. Davis Supp. Def.'s Mot. Summ. J. & Mot. Dismiss

*Smith v. Davis*
Case No. C 07-4089 JSW

3