1    Lynnard Smith D-89280
     CSP-Solano, 20-E41
2    P.O. Box 4000
     Vacaville, Calif. 95696-4000
3

4

5
                                    FILED
6
                              MAY 1 6 2008
7
                              RICHARD W. WIEKING
8                             CLERK, U.S. DISTRICT COURT
                              NORTHERN DISTRICT OF CALIFORNIA
9              THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   Lynnard Smith,              )    Case No. C-07-4089-JSW(PR)
                                 )
12           Plaintiff           )
                                 )
13   v.                          )
                                 )
14   Steven G. Davis,            )
                                 )
15           Defendant.          )
     _____)
16

17         BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO

18         DEFENDANT'S MOTION FOR SUMMERY JUDGMENT &

19                    MOTION TO DISMISS

20

21

22

23

24

25

26

27

1

## TABLE OF CONTENS

2

3  STATEMENT OF CASE. . . . . . . . . . . . . . . . . . . . . . Pg. 1

4  MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . Pg. 1

5  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . Pg. 1

6  ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . Pg. 3

7  STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . Pg. 4

8  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . Pg. 6

9      I. THIS ACTION CAN NOT BE DISMISSED UNDER 42 U.S.C.
          § 1997e(a) BECAUSE PLAINTIFF FULLY EXHAUSTED
10         ADMINISTRATIVE REMEDIES. . . . . . . . . . . . . Pg. 6

11     II. DEFENDANT IS NOT ENTITLED TO SUMMERY JUDGMENT DUE TO
           A GENUINE ISSUE OF MATERIAL FACT EXIST. . . . . . Fg. 8
12
13    III. PRISONERS MAY NOT BE RETALIATED AGAINST FOR EXERCISING
           THEIR RIGHT TO ACCESS TO THE COURTS, WHICH EXTEND TO
           ACCESS TO ESTABLISHED PRISON GRIEVANCE PROCEDURES. . Pg. 13
14
15     IV. QUALIFIED IMMUNITY DOES NOT PROTECT GOVERNMENT OFFICIALS
           FROM LIABILITY FOR CIVIL DAMAGES WHEN THEIR CONDUCT
           VIOLATES CLEARLY ESTABLISHED RIGHTS OF WHICH A REASONABLE
16         OFFICIAL WOULD HAVE KNOWN WAS ILLEGAL. . . . . . Pg. 18

17 CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . Pg. 19

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505
(1986). . . . . . . . . . . . . . . . . . . . . Pg. 8- 9

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). . . . . Pg. 8

<u>Mt. Healthy City Sch. Dst. Bd. of Educ. v. Dolye</u>, 429 U.S. 274
(1977). . . . . . . . . . . . . . . . . . . . . Pg. 13

<u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272
(2001). . . . . . . . . . . . . . . . . . . . . Pg. 19

<u>Allah v. Seirerling</u>, 229 F.3d 220 (3rd Cir. 2000). . . Pg. 14

<u>Barnett v. Centoni</u>, 31 F.3d 813 (9th Cir. 1994). . . . Pg. 13

<u>Black v. Lane</u>, 22 F.3d 1395 (7th Cir. 1994). . . . Pg. 12, 13

<u>Bruce v. Ylst</u>, 351 F.3d 1283 (9th Cir. 2003). . . . . Pg. 18

<u>Cater v. Newburgh Police Dept.</u>, 523 F.Supp. 16       Pg. 10

<u>Franco v. Kelly</u>, 854 F.2d 584 (2nd Cir. 1998). . Pg. 14, 15,

<u>Gender v. Godinez</u>, 875 F.Supp. 1334 (N.D. Ill 1995). . Pg. 10

<u>Hines v. Gomez</u>, 108 F.3d 265 (9th Cir. 1997). . . . . Pg. 16

<u>Husky v. City Of San Jose</u>, 204 F.3d 893 (9th Cir. 2000) Pg. 9

<u>Orin v. Barclay</u>, 272 F.3d 1202 (9th Cir. 2001). . . Pg. 18

<u>Rhodes v. Robinson</u>, 380 F.3d 1123 (9th Cir. 2004). . Pg. 11

<u>Rhodes v. Robinson</u>, 408 F.3d 559 (9th Cir. 2005). Pg. 9, 11

<u>Rizzo v. Dawson</u>, 778 F.2d 527 (9th Cir. 1985). . . Pg. 14

**CONSTITUTIONAL PROVISIONS:**
**UNITED STATES CONSTITUTION**
    **FIRST AMENDMENT.** . . . . . . . . . . . . . . . Pg.1

**STATUES:**
**UNITED STATES CODE, TITLE 42**

    **§ 1983** . . . . . . . . . . . . . . . . . . . Pg.1

    **§ 1997e(a)** . . . . . . . . . . . . . . . Pg. 3, 6, 19

1

### TABLE OF AUTHORITIES CONT'D

2  **COURT RULES:**
**FEDERAL RULE OF CIVIL PROCEDURE**

3

4        Rule 56(f) . . . . . . . . . . . . . . . . . . . . . . .Pg.  8

4  **OTHER AUTHORITIES:**

5

6        Prison Litigation Reform Act. . . . . . . . . . Pg.8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III.

1    Plaintiff and Defendant both worked in the main kitchen
2  at the Correctional Training Facility. Defendant was not
3  Plaintiff's superior. Plaintiff was not reprimanded for causing
4  a disturbances, the reprimand by Defendant occurred after
5  Plaintiff verbally advised Defendant on February 19, 2005, that
6  he would be receiving an administrative grievance for harrassing
7  Plaintiff.

8    Plaintiff was harrassed and verbally threatened by Defendant
9  on February 20, 2005, Defendant stated to Plaintiff, "YOUR GOING
10  TO GET INTO A WRECK." Plaintiff verbally advised Defendant again
11  that he would be receiving an administrative grievance for the
12  harrassment, intimidation, and verbal threats.

13    Plaintiff was physically assaulted by Defendant on the
14  morning of February 21, 2005. Defendant never advised his
15  Supervisors on 2/21/05 that he feared for his safety due to
16  Plaintiff's presence. The only statement made by Defendant right
17  after the incident on 2/21/05 to Sergeant B. Banda was the follow-
18  ing, "HE NEEDS TO BE ESCORTED OUT, HE IS CAUSING A DISTURBANCE."

19    Plaintiff filed an Inmate appeal against Defendant on
20  February 25, 2005. Defendant retaliated against Plaintiff by
21  writing and signing a fraudulent disciplinary report against
22  Plaintiff.

23    The second retaliation action by Defendant occurred after
24  Plaintiff's Inmate Appeal CTF-C-05-00663 was used to reprimand
25  and remove Defendant out of his work position 'Culinary Relief-
26  64'.

27    Plaintiff was exonerated on Defendant's fraudulent charges,

JRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

1   found guilty of a lesser charge of 'Refusal to Obey Orders to

2   Be Escorted Out or Cuff Up', and about to be returned to CTF-

3   Soledad Central, Defendant then made a false 'Safety Accusation'

4   leveled against Plaintiff.

5       Due to the false 'Safety Accusation', Plaintiff was

6   transfered out of CTF-Soledad. The 'Safety Accusation' was a

7   clear retaliation action against Plaintiff for the filing of

8   an Inmate Appeal against Defendant. The false 'Safety Accusation'

9   made by Defendant was not to advance any legitimate penological

10  goal, it was a direct retaliation action against Plaintiff for

11  filing an Inmate Appeal against Defendant.

12      Finally, a substantial constitutional violation was

13  committed by Defendant when he retaliated against Plaintiff

14  for filing an Inmate Appeal. The Prison Litigation Reform Act

15  (PLRA) does not stop Plaintiff from litigating a retaliation

16  claim against Defendant. A reasonable officer would have known

17  that his action's was unlawful.

18

19                    **ISSUES PRESENTED**

20                            I.

21          THIS ACTION CAN NOT BE DISMISSED UNDER
            42 U.S.C. § 1997e(a) BECAUSE PLAINTIFF FULLY
22          EXHAUSTED HIS ADMINISTRATIVE REMEDIES IN INMATE
            APPEAL CTF-C-05-01802 WHICH RAISED THE RETALIATION
23                           CLAIM

24

25                           II.

26          DEFENDANT IS NOT ENTITLED TO SUMMERY JUDGMENT
            DUE TO A GENUINE ISSUE OF MATERIAL FACT EXIST

27

## III.

**PRISONERS MAY NOT BE RETALIATED AGAINST FOR
EXERCISING THEIR CONSTITUTIONAL RIGHT OF ACCESS TO
THE COURTS, WHICH EXTEND TO ACCESS TO ESTABLISHED
PRISON GRIEVANCE PROCEDURES**

## IV.

**QUALIFIED IMMUNITY DOES NOT PROTECT GOVERNMENT
OFFICIALS FROM LIABILITY FOR CIVIL DAMAGES WHEN THEIR
CONDUCT VIOLATES CLEARLY ESTABLISHED RIGHTS OF WHICH A
REASONABLE OFFICIAL WOULD HAVE KNOWN WAS ILLEGAL**

## STATEMENT OF FACTS

1. Plaintiff agrees to the following to Defendant's Answer in Def's Not.Mot.& Mot.Summ.J.; Not.Mot.& Mot. Dismiss at pg. 4, allegation 1. Plaintiff brought this action against a Correctional Officer working at the California Department of Corrections and Rehabilitation (CDCR). During the time period related to this case, Defendant Davis worked at the Correctional Training Facility (CTF), Central Facility. Defendant was a Culinary Relief Officer assigned to the CTF Central Kitchen.

2. Plaintiff agree, deny, and allege the following to Defendant's Answer in Def's Not.Mot.& Mot.Summ.J.; Not.Mot.& Mot.Dismiss at pg. 4, allegation 2 : Plaintiff never made the statement 'Who ya with' in the presence of Defendant. Plaintiff did respond to Defendant when he asked Plaintif where he was going. Plaintiff was given permission to go up front to the serving line by Plaintiff's Supervisor CSC S. Adams, who confirmed that to Defendant and to Defendant's Supervisor. Defendant was responsible for monitoring inmate movements of his Utility Crew. Plaintiff did not have 'strong animosity' towards Defendant.

3. Plaintiff denies and alleges the following to Defendant's Answer in Def's Not.Mot.& Mot.Summ.J.; Not.Mot.& Mot.Dismiss at pg. 4, allegation

IRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

in Def's Not.Mot.& Not.Mot.Summ.J.; Not.Mot.& Not.Mot.Dismiss at Pg.4,
allegation 6: Mr. Adams did prepare a report of the incident on February
21, 2005, stating that Plaintiff approached him and asked, "HAVE I DONE ANY-
THING THIS MORNING", Mr. Adams responded by saying, "NO." (See Exhibit "C"
Steve Adams Signed Declaration dated June 15, 2005 & Report Dated 2/21/05
(PL.11-PL.12)

7. Plaintiff agree, and alleges the following to Defendant's Answer
in Def's Not.Mot.& Not.Mot.Summ.J.; Not.Mot.& Not.Mot.Dismiss at pg.5,
allegation 7: Plaintiff and Defendant was working together on February 26,
2005, after the incident on February 21, 2005. Plaintiff was placed in
Administrative Segregation after Plaintiff finished working later on in the
even at approximately 1800-1830 hrs. (See Exhibit "D" Administrative
Segregation Notice CDC-114D (PL.13)

8. Plaintiff agree to the following Defendant's Answers in Def's Not.Mot.
& Not.Mot.Summ.J.; Not.Mot.& Not.Mot.Dismiss, allegations 8-15.


### ARGUMENT
### I.

#### THIS ACTION CAN NOT BE DISMISSED UNDER 42 U.S.C.§ 1997e(a)
#### BECAUSE PLAINTIFF FULLY EXHAUSTED ADMINISTRATIVE REMEDIES

Defendant's argument relating to 42 U.S.C.§ 1997e(a) exhaustion
requirements is not persuasive, very frivolous, holds no merit, and not on
legl point when viewing the facts of Plaintiff's case and applying the
applicable law to said facts.

October 20, 2005, Plaintiff forwarded Inmate Appeal CTF-C-05-01802 to
the Director of Corrections for the Third Level Review, which is the final
exhaustion of the administrative remedies for the Department of Coorections.

JRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

6.

1  (See Exhibit "E" Administrative Grievance CTF-C-05-01802 (PL.14) & Plaintiff's

2  Declaration).

3      Plaintiff gave Defendant an opportunity to address the retaliation action

4  before Plaintiff filed the present civil action. Plaintiff stated the follow-

5  ing to Director of Corrections on the aforementioned Administrative Grievance

6  supra:

7          "NO TIME PRIOR TO, DURING AND/OR AFTER THE INCIDENT
           ON 2/21/05 WAS I THREATENING TOWARDS THIS OFFICER, EVEN
8          AFTER I WAS PHYSICALLY ASSAULTED BY C/O DAVIS. AFTER
           THE INCIDENT I WAS STILL REPORTING TO WORK IN THE KITCHEN
9          2/21/05 THRU 2/26/05 THIS OFFICER WAS AT WORK IN THE KITCHEN
           ALSO. IT WAS ONLY AFTER I WAS FOUND NOT GUILTY OF THE
10         CONSTRUCTED FABRICATED CHARGES AND ABOUT TO BE PLACED BACK
           IN G.P. IN CTF-CENTRAL, C/O DAVIS THEN MADE FALSE THREAT
11         ASSESSMENT CONCERNS. THIS WAS ANOTHER REPRISAL AGAINST
           ME FOR FILING A 602 WHICH WAS USED TO REMOVE C/O DAVIS OUT
12         OF HIS POST POSITION 'CR-64'. ALL THE 602's ARE RELATED
           TO THIS ISSUES AS A WHOLE. (SEE RELATED 602's LOG #
13         1.) CTF-C-05-00663; 2.) CTF-C-05-01320 ALREADY FORWARDED
           TO SACRAMENTO FOR THIRD LEVEL REVIEW. EVERYTHING DONE TO
14         ME AFTER I WAS FOUND NOT GUILTY OF THE FALSE CHARGES WAS
           NOTHING BUT REPRISAL AGAINST ME AND MY A1A STATUS SHOULD
15         BE RESTORED." (See Exhibit "E" Administrative Grievance
           CTF-C-05-01802 (PL.17).
16

17     Plaintiff's Inmate Appeal CTF-C-05-01802 was denied on 1/24/06 at the

18  Director's Level. (See Exhibit "K" Director's Level Appeal Decision IAB case

19  No. 0504581  (PL.43-PL.44).

20     Defendant's Exhibit "H" at pg. AGO-42 is incomplete, full hearing should

21  be conducted to determine the actual veracity of Defendant's Exhibit "H".

22     Defendant Exhibit "H" at pg. AGO-42 appears as if an unknown agent of

23  Defendant placed a blank appeal 602 form over the bottom of the document,

24  copied the document to make it appear as if Plaintiff never exhausted his

25  administrative remedies, and then presented it to the Court as the original

26  document. Luckily, Plaintiff kept the authentic document and the authentic

27  response from the Director of Corrections with N. Grannis' name on the

JRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

1   document with the IAB number 0504581 dated January 24, 2006. (See Exhibit

2   "E" at pg. PL. 14 & Exhibit "K" at pg. PL.43-PL.44). An unknown agent of

3   Defendant has attempted to decisive the Court through illegal activity.

4        In the Declaration of N. Grannis supporting Defendant's Motion for

5   Summary Judgment and Motion to Dismiss at Exhibit "A", it clearly shows that

6   Plaintiff exhausted his administrative remedies relating to Inmate Appeal

7   CTF-C-05-01802; IAB No. 0504581, closed date 01/24/2006. (See Declaration

8   of N. Grannis).

9        The 'PLRA' states that 'no action shall be brought with resapect to

10  prison conditions under 42 U.S.C § 1983 or any other federal law, by a

11  confined prisoner until such administrative remedies as are available are

12  exhausted. This argument is not applicable to Plaintiff because Plaintiff

13  exhausted said retaliation claim, Summary Judgment should be denied.

14

15                              II.

16
                    DEFENDANT IS NOT ENTITLED TO SUMMERY JUDGMENT
17                  DUE TO A GENUINE ISSUE OF MATERIAL FACT EXIST

18       In determining whether summary judgment is proper, the court must view

19  the evidence and all justifiable inferences to be drawn therefrom in the

20  light most favorable to non-moving party. Anderson v. Liberty Lobby, Inc,

21  477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

22       Plaintiff has clearly shown that a genuine issue of material fact does

23  exist in Plaintiff's Argument I, relating to the exhaustion requirements.

24       Rule 56(f) which allows summary judgment to be denied, or the hearing

25  on the motion to be continued if the non-moving party has not had an

26  opportunity to make full discovery. Celotex Corp. v. Catrett, 477 U.S. 317,

27  326 (1986).

RT PAPER
E OF CALIFORNIA
I13 (REV. 3-95)
3391

1    Plaintiff has not had a full opportunity to make discovery on the

2    Defendant to retrieve all the necessary documentation evidence to fully prove

3    Plaintiff's case.

4    The opposing party's burden is not excused by the fact that the evidence

5    to oppose the motion is possessed by the moving party. . .as long as the

6    there has been full opportunity to conduct discovery. Anderson v. Liberty

7    Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2514 (1986).

8    To satisfy the five prong test inside of Rhodes v. Robinson, 408 F.3d

9    559, 567-68 (9th Cir. 2005): 1.) Defendant Davis, a state employee of

10   California, Correctional Officer, retaliated against Plaintiff, first by

11   writing a false Disciplinary Report Log No. I-02-05-16, and a false Incident

12   Report Log No. CTF-CEN-05-02-0058 (See Exhibit "G" at PL.24-PL.26; Exhibit

13   "N" at PL.47-PL.59). Secondly, Defendant made a false "Threat Accusation"

14   against Plaintiff after Plaintiff's Inmate Appeal CTF-C-05-00663 was used

15   to discipline Defendant, removing him out of his work position Culinary Relief

16   64 (CR-64); 2.) because of, Plaintiff advised Defendant on 2/19/05 and 2/20/05

17   that an Inmate Appeal was going to be filed against him. Defendant was

18   rperimanded because of Plaintiff's actions of filing a grievance; 3.) That

19   Plaintiff's protected conduct to file a grievance was infringed upon, and

20   that such action; 4.) attempted to chill Plaintiff's First Amendment Rights,

21   and; 5.) The action of Defendant did not advance a legitimate correctional

22   goal.

23   Retaliation is not established simply by showing adverse activity by

24   the Defendant after protected speech; rather, the plaintiff must show a nexus

25   between the two. Husky v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

26   The nexus is, Defendant retaliated against Plaintiff once after Plaintiff

27   advised Defendant on 2/19/05 & 2/20/05 that he would be receiving a grievance.

(Compl. pg. 3A, 3B).

Prison inmates have a protected First Amendment Right to submit written and oral complaints about conditions about prison conditions, and where there is evidence of retaliation against constitutionally-protected speech, the protection of prisoners' due process right does not shield prison employees from section 1983 claim. Sutton v. Johnson, No. 91 C 1357, 1993 WL 179528, at 4 (N.D. Ill May 25, 1993)(citation omitted); Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir. 1987)(quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir. 1978).("it is well established that an an in retaliation for the exercise of a constitutionally protected right is actionable under section 1983 even if the act, when taken for different reason, would have been proper"). Gender v. Godinez, 875 F.Supp. 1334 (N.D.Ill 1995).

Secondly , Defendant retaliated against Plaintiff again by making false "safety accusations' against Plaintiff, preventing Plaintiff from returning to the general population.

As stated in Cater v. Newburgh Police Dept., 523 F.Supp. 16, 21, "[t]here is no doubt that a threat by prison authorities to punish or the actual punishment of an inmate for taking legal action infringes upon that inmate's constitutional rights", thus precluding summary judgment.

Retaliatory motive may be shown by the timing of the alleged retaliatory act, as well as by direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003).

48 Hours after Plaintiff advised Defendant that he would be receiving an Inmate Appeal from Plaintiff, Defendant created a situation and wrote up a fraudulent disciplinary report against Plaintiff. (Compl. pg. 3A, 3B). Then after Defendant was reprimanded behind Plaintiff's Inmate Appeal CTF-C-05-00663, Defendant then made a false 'Safety Accusation' against Plaintiff

JRT PAPER
E OF CALIFORNIA
I 13 (REV. 3-95)
'8391

1    to retaliate. (Compl. pg. 3J).

2    [The 9th Cir. Court has] never required a litigant, per impossibile,

3    to demostrate a total chilling of his First Amendment Rights to file

4    grievances and to pursue civil rights litigation in order to perfect a

5    retaliation claim. Speech can be chilled even when not completely silenced.

6    In Mendocino Environmental Center v. Mendocino County, we pointed out that

7    the proper First Amendment inquiry asks "whether an official's act would

8    chill or silence a person of ordinary firmness from future First Amendment

9    activities." 192 F.3d 1283, 1290. Rhodes v. Robinson, 408 F.3d 559, 568-67

10   (9th Cir. 2005). According to the Ninth Circuit Court Plaintiff does not

11   have to demostrate that his speech was "actually inhibited or suppressed."

12   As stated in Rhodes v. Robinson, 380 F.3d 1123, 1131 (9th Cir. 2004),

13   "Our cases, in short, are clear that any retribution visited upon a prisoner

14   due to his decision to engage in protected sufficient to ground a claim of

15   unlawful First Amendment retaliation-whether such determent "chills" the

16   Plaintiff's exercise of his First Amendment rights or not."

17   "[A] retaliation claim may assert an injury no more tangible than a

18   chilling effect on First Amendment Rights." Vernon, 225 F.3d at 1127 (emphasis

19   added). Citing Resnick, we went on to state that "without alleging a chilling

20   effect a retaliation claim without allegation of other harm is not actionable.

21   Id.(emphasis added), of course, that statement only makes sense if harm

22   entirely independent from chilling effect can ground retaliation claims.

23   And in several other cases, we have upheld retaliation claims without ever

24   referring to chilling effects. See e.g., Pratt, 65 F.3d at 807; Barnett,

25   31 F.3d at 815-16; Valandingham, 866 F.2d at 1138. Rhodes v. Robinson, 380

26   F.3d 1123, 1131 (9th Cir. 2004).

27   Defendant is attempting to confuse the issue as relating to Plaintiff's

IRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

retaliation claim. The first retaliation occurred after Plaintiff advised Defendant of the Inmate grievance on 2/19/05 and 2/20/05. The second retaliation occurred after Plaintiff's Inmate grievance was used to reprimand Defendant, removing him out of his work position in the kitchen, Defendant made false accusation of 'Safety Concerns' to keep Plaintiff from returning to the General Population.

The Seventh Circuit held that the issuance of false disciplinary charges can violate substantive due process if the charges were brought in retaliation for the exercise of a constitutional right. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

Plaintiff was never a threat to the safety of Defendant. Had Plaintiff been a threat to the safety of Defendant, Plaintiff would have been placed in Administrative Segregation on the morning of the incident on 2/21/05. Defendant's Supervisors investigated the incident, determined Plaintiff was not a threat to the safety and security of the Institution. Plaintiff was released on 2/21/05, sent back to his housing unit, and allowed to go back work in the kitchen the next day. (See Compl. pgs. 3C, 3D, 3E; Plaintiff's Declaration). Plaintiff only became an alleged 'threat' to the safety of Defendant after the reprimand happened to Defendant. (See. Exhibit "J" at PL. 42 ; Compl. pgs. 3I, 3J; & Plaintiff's Declaration).

The false safety accusation was not made to advance any legitimate penological goal, but only to retaliate against Plaintiff for filing an Inmate Grievance.

IRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

1    The retaliatory action does not advance legitimate

2    penological goals, such as a preserving institution order and

3    discipline. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)

4    Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

5        To state a claim for retaliation treatment, a complaint

6    only allege a chronologl of events from which retaliation may

7    be referred. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

8        The admissible evidence shows there is a genuine issue

9    as to material fact, Defendant is not entitled to Summery

10    Judgment as a matter of law. Plaintiff's retaliation claim,

11    including both his request for injunctive relief and request

12    for damages should be granted.

13

14                               III.

15        PRISONERS MAY NOT BE RETALIATED AGAINST FOR EXERCISING
16        THEIR RIGHT OF ACCESS TO THE COURTS, WHICH EXTEND TO
               ACCESS TO ESTABLISHED PRISON GRIEVANCE PROCEDURES
17

18        Defendant's motivating factor to retaliate was by

19    Plaintiff's desire to exercise his constitutionally protected right;

20    Plaintiff's success of exoneration of the false charges during the CDC-115

21    hearing; and to prevent Plaintiff from being placed back into CTF-Soledad

22    Central Level II General Population.

23        Therefore, Plaintiff's rights was a substantial and/or motivating factor

24    in Defendant's decision to retaliate against Plaintiff. See Mt. Healthy City

25    Sch. Dst. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

26        Plaintiff's firm resolution to file an inmate grievance against Defendant

27    is both a constitutionally protected right and activity that has been



1    impermissibly infringed upon in such an extent that it gave rise to the First

2    Amendment retaliation claim. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.

3    1985).

4        "[G]overnment actions, which standing do not violate the constitution,

5    may nonetheless be constitutional torts if motivated in substantial part

6    by a desire to punish an individual for exercise of a constutitional right."

7    Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999)(en banc). Allah

8    v. Seirerling, 229 F.3d 220, 225 (3rd Cir. 2000).

9        After Plaintiff exercised his constitutional protected right to present

10   a prison grievance against Defendant, is what motivated him to retaliate

11   against Plaintiff by making false accusations of safety concerns leveled

12   against Plaintiff. (See Exhibit "E" at PL.14  Exhibit "I" at Pl.28  Exhibit

13   "0" at PL.60 ).

14   Moreover, we held that "[t]he right of access to the courts is

15   substantive rather than procedural. . . .[It] cannot be obstructed, regardless

16   of the procedural means applied." See also Daniels, 474 U.S. at 338, 106

17   S.Ct. at 678.(noting that if a state infringes on a substantive constitutional

18   right, the mere presence of procedural protections or state laws remedies

19   cannot defeat a claim under section 1983); Parratt, 451 U.S. at 545, 101

20   S.Ct. at 1917-18 (Blackmun J. concurring)("[T]here are certain governmental

21   actions' that, even if undertaken with a full panoply of procedural

22   protections, are in and of themselves, antithetical to fundamental notions

23   of due process.") Hall v. Sutton, 755 F.2d 786, 787-88 (11th Cir. 1985).

24   Franco v. Kelly, 845 F.2d 584 (2nd Cir. 1988).

25       The Supreme Court has described the right to petition government for

26   redress of grievances as "among the most precious of liberties safegaurded

27   by the Bill of Rights." See- United Mine Workers v. Illinois State Bar Assn.,

JRT PAPER
E OF CALIFORNIA
I I 3 (REV. 3-95)
8391

1  389 U.S. 217, 222, 88 S.Ct. 353, 356, 19 L.Ed.2d 426 (1967). Moreover, the

2  right of petition applies with equal force to a person's right t seek redress

3  from all branches of government. See California Motor Transport, 404 U.S.

4  at 510, 92 S.Ct. at 611-12; Haymes, 547 F.2d at 191. In the prison context,

5  we held that inmates must be "'permit[ted] free and uninhibited access. .

6  to both administrative and judicial forums for the purpose of seeking redress

7  of grievances against state officials.'"Id.(emphasis added)(quoting Sostre

8  v. McGinnis, 442 F.2d 178, 200 (2nd Cir. 1971)(in banc), cert.denied, 404

9  U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972)). Thus, as the Supreme Court

10  has noted, the constitutional right of the unfetted access to the courts

11  "is indeed but one aspect of the right [to] petition [government for redress

12  of grievances]." California Motor Transportation, 404 U.S. at 510, 92 S.Ct.

13  at 611-12. See also United Transportation Union v. State Bar of Michigan,

14  401 U.S. 576, 585, 91 S.Ct. 1076, 1082, 28 L.Ed.2d 339 (1971); Harrison v.

15  Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1427 (8th Cir. 1986). Like

16  the right of access to the courts, the right to petition is substantive rather

17  than procedural and therefore "cannot be obstructed, regardless of the

18  procedural means aplied." Morello, 810 F.2d at 347. Moreover, intentional

19  obstruction of a prisoner's right to seek redress of grievances "is precisely

20  the sort of oppression that. . .section 1983 [is] intended to remedy."Id.

21  See also Burton, 791 F.2d at 100-01; Haymes, 547 F.2d at 191. Franco v. Kelley

22  supra.

23       "'[A]n act in retaliation for the exercise of a constitutional right

24  is actionable under [S]ection 1983 even if the act, when taken for different

25  reasons, would have been proper.'" Howland v. Kilquist, 833 F.2d 639, 644

26  (7th Cir. 1987)(quoting Buise v. Hudkins, 584 F.2d 223, 227 (7th Cir. 1978),

27  cert.denied 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979)).

IRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
8391

1    There is no question, however, that an inmate may resort to section

2    1983 in attempting to vindicate substantive rights arising out of such other

3    provisions as the First Amendment. See Pell v. Procunier, 417 U.S. 817, 821-

4    23, 94 S.Ct. 2800, 2802-03, 2803-05, 41 L.Ed.2d 495 (1974); Cruz v. Beto,

5    405 U.S. 319, 321-22, 92 S.Ct. 1079, 1081-82, 31 L.Ed.2d 263 (1972)(per

6    curiam), or the Eight Amendment. See Whitley v. Albers, 475 U.S. 312, 317-

7    19, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Rhodes v. Chapman, 452 U.S. 337,

8    340, 344-47, 101 S.Ct. 2392, 2397-2400, 59 L.Ed.2d 59 (1981). Franco v. Kelly,

9    supra.

10    Here, Plaintiff is redressing his substantive constitutional right

11    against Defendant for retaliation, as stated in Franco v. Kelly, supra.

12    Plaintiff's Inmate Appeal CTF-C-05-01802 did state, "[E]verything done

13    to me after I was found not guilty of the false charges was nothing but

14    reprisal against me and my A1A status should be restored." (See Exhibit "E"

15    at PL.14). Further, Plaintiff stated, "[T]he Reporting Employee C/O S. Davis

16    is 'now' saying that he fells that his safety is at risk just another

17    synthetic scheme to 'cover-up' his blatant unprofessionalism misconduct and

18    assault on me, which is a direct reprisal against me." (See Exhibit "E" at

19    PL.15).

20    Plaintiff's Inmate Appeal CTF-C-05-01802 did give notice that Plaintiff

21    was retaliated against prior to any write up by Defendant. Plaintiff gave

22    notice to Defendant would be written up, especially after the incident on

23    2/20/05, when Defendant verbally threatened Plaintiff in front of other

24    inmates by stating, "Your going to get in a wreck." (See Exhibit "F" Signed

25    Declaration of Michal Baugh CDC# C-57598; Compl. 3A, 3B; & Plaintiff's Signed

26    Declaration).

27    As the Ninth Circuit expressed in Hines v. Gomez, 108 FF.3d 265, (9th

16.

1  Cir. 1997) as long as Hines informed correctional officer prior to the CDC-

2  115 that he was going to write the correctional officer up is good enough,

3  so the correctional officer should have known of the 602.

4  As in the present case, the Defendant was advised twice, (2/19/05 &

5  2/20/05), that an Inmate Appeal would be filed against him. (See Plaintiff's

6  Declaration; & Compl. pgs. 3A, 3B). Defendant filed a fabricated disciplinary

7  report in retaliation. (See Exhibit "G" at Pl.24 & Compl. pgs. 3D).

8  Defendant made a false 'safety concern' accusation in retaliation when

9  Plaintiff was exonerated of the false charges, and about to be brought back

10  to the General Population. (See Exhibit "H" at PL.34; Plaintiff's Declaration;

11  & Compl. pg. 3J).

12  Plaintiff's Inmate Appeal CTF-C-05-00663 was partially granted at ther

13  First and Second level of review, due to the credibilty of Plaintiff's

14  allegations, which was used to remove the Defendant out of his work postiton

15  Culinary Relief-64. The Defendant was re-assigned as a building officer.

16  The 'Threat Assessment Sheet' was prepared by Correctional Captain R.A.

17  Pope. (See Exhibit "H" at PL.27).

18  At no time during the incident in the kitchen on 2/21/05, the week

19  following, prior to Defendant being reprimanded behind Plaintiff's Inmate

20  appeal, was a 'safety concern' accusation made by Defendant. Safety concerns

21  by Defendant was made after his reprimand. (See Plaintiff's Declarstion;

22  Compl. pgs. 3C, 3D, 3I, 3J, 3K; & Exhibit "I" at Pl.28; Exhibit "J" at PL.42).

23  Therefore, Plaintiff's case cannot be dismissed, Plaintiff was retaliated

24  against for the exercising of his substantive constitutional right of access

25  to the courts, which extend to access to established prison grievance

26  procedures.

27  //

JRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)

8391

IV.

**QUALIFIED IMMUNITY DOES NOT PROTECT GOVERNMENT OFFICIALS FROM LIABILITY FOR CIVIL DAMAGES WHEN THEIR CONDUCT VIOLATES CLEARLY ESTABLISHED RIGHTS OF WHICH A REASONABLE OFFICIAL WOULD HAVE KNOWN WAS ILLEGAL**

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). As this Court pointed out in Pratt, "the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes." 65 F.3d at 806 (citing Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)). Bruce v. Ylst, 351 F.3d 1283,1290 (9th Cir. 2003).

Here, it's plainly clearly that Defendant violated Plaintiff's First Amendment rights through Defendant's retaliatory conduct of falsifying a disciplinary report against Plaintiff, after Plaintiff notified Defendant that an Inmate Appeal would be filed against him. Defendant retaliated against Plaintiff after he was reprimanded.

A competent reasonable officer would have known that his conduct was unlawful, after the chain of events occurred in the present case.

The Supreme Court has explained that a right is clearly explained that a right is clearly established by federal law if:

> The contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. This not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Orin v. Barclay, 272 F.3d 1202, 1214 (9th Cir. 2001).



JRT PAPER
E OF CALIFORNIA
I 13 (REV. 3-95)
8391

1  Defendant either was plainly incompetent or knowingly violated

2  Plaintiff's constitutional rights, through his actions of retaliation.

3      In order to determine whether the law was clearly established, it is

4  necessary to conduct an inquiry "in light of the specific context of the

5  case." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d

6  272 (2201).

7      Defendant does not have qualified immunity for retaliating against

8  Plaintiff for filing three (3) Inmate Appeals against him, and once a full

9  inquiry is completed the evidence will show the violations clearly. Saucier,

10 supra.

11

12                              CONCLUSION

13

14      Plaintiff fully exhausted his administrative remedies, giving Defendant

15 the opportunity to correct the violations of the retaliation claim, so

16 therefore, 42 U.S.C. § 1997e(a) did not apply to the present case.

17      Plaintiff was retaliated against for exercising his constitutional

18 protected right to address a grievance against a correctional officer, who

19 should have known that his illegal activities was unlawful. The law against

20 retaliation is clearly established and a competent person would have known

21 not too retaliate against a prisoner who exercised his First Amendment Right.

22      The Defendant doesn't have qualified immunity for his actions, and there

23 is genuine material facts in dispute so Summery Judgment should be denied

24 and Plaintiff's remedies be granted. Defendant is not entitled to judgment

25 as a matter of law, because constitutional violation did occur in the present

26 case.

27 //

1    Dated: May /5ᵗ , 2008.

2

3                                        Respectfully submitted,

4

5                                        _Lynnard Smith_

6                                        Lynnard Smith In Pro Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JRT PAPER
E OF CALIFORNIA
I I3 (REV. 3-95)

'8391

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:    California State Prison - Solano
Housing:  20 E41
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: Lynnard Smith v. Steven G. Davis    Case #: C-07-4089 JSW

Document(s) Served: DECLARATION OF LYNNARD SMITH SUPPORTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMERY JUDGMENT & MOTION TO DISMISS:

BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMERY JUDGMENT & MOTION TO DISMISS

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

UNITED STATES DISTRICT COURT          ATTN: CHRSITOPHER M. YOUNG
NORTHERN DISTRICT FOR CALIFORNIA      DEPUTY ATTORNEY GENERAL OFFICE
450 GOLDEN GATE AVE                   455 GOLDEN GATE AVE., SUITE 11000
SAN FRANCISCO, CA. 94102              SAN FRANCISCO, CALIF. 94102-7004

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on     May  15  2008          , in Vacaville, California.

*"date"*

Signature: Lynnard Smith

Printed Name:  LYNNARD SMITH