ORIGINAL

Lynnard Smith D-89280
CSP-Solano, 20-E41
P.O. Box 4000
Vacaville, Calif. 95696-4000

**FILED**

MAY 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lynnard Smith, | Case No. C-07-4089-JSW(PR) |
| Plaintiff. | DECLARATION OF LYNNARD SMITH SUPPORTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMERY JUDGMENT & MOTION TO DISMISS |
| v. | |
| Steven G. Davis, | |
| Defendant. | |

I, LYNNARD SMITH, DECLARE THE FOLLOWING:

1. I am the Plaintiff of the record in this matter. I am competent to testify to the matter set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this Declaration of Lynnard Smith Supporting Plaintiff's Opposition To Defendant's Motion For Summery Judgment & Motion To Dismiss.

2. Attached as Exhibit "A" is Signed Declaration of Bobby McClelland CDC# H-29611 dated June 15, 2005 & June 21, 2005 excuted at CTF-Soledad State Prison. (PL.01-02).

3. Attached as Exhibit "B" is Serious Rule Violation Investigative Report Log No. I-02-05-16 by Correctional Officer G. Edwards dated April 1, 2005 (PL.03-PL.10).

1.

4. Attached as Exhibit "C" is Steve Adams Signed Declaration Dated June 15, 2005 executed at CTF-Soledad State Prison & Report Dated February 21, 2005. (PL.11-PL.12).

5. Attached as Exhibit "D" is Administrative Segregation Notice CDC-114D Dated February 26, 2005 signed by D.M. Benedetti (PL.13).

6. Attached as Exhibit "E" is Administrative Grievance CTF-C-05-01802 (PL.14-PL.22)

7. Attached as Exhibit "F" is Michal Baugh CDC# C-57598 Signed Declaration Dated June 13, 2005 executed at CTF-Soledad State Prison (PL.23).

8. Attached as Exhibit "G" is Serious Rules Violation CDC-115 Dated February 21, 2005 Log No. I-02-05-16 (PL.24-PL.26).

9. Attached as Exhibit "H" is Institutional Classification Committee Chrono CDC-128G Dated may 12, 2005 (PL.27).

10. Attached as Exhibit "I" is Administrative Grievance CTF-C-05-00663 (PL.28-PL.41).

11. Attached as Exhibit "J" is Correctional Officer C.J. McCoy Report Dated March 2, 2006 (PL.42).

12. Attached as Exhibit "K" is Director's Level Appeal Decision IAB Case No. 0504581 Dated January 24, 2006 (PL.43-Pl.44).

13. Attached as Exhibit "L" is Louis Lasko CDC# J-90483 Signed Declaration Dated June 15, 2005 executed at CTF-Soledad State Prison (PL.45).

14. Attached as Exhibit "M" is Douglas W. Lemming CDC# K-02882 Signed Declaration Dated June 15, 2005 executed at CTF-Soledad State Prison (PL.46).

1        15. Attached as Exhibit "N" is Incident Report CTF-CEN-05-

2    02-0058 (PL.47-PL.59).

3        16. Attached as Exhibit "O" is Administrative Grievance

4    CTF-C-05-01320 (PL.60)

5

6        I declare under the penalty of perjury that the foregiong

7    is true and correct. Executed at Vacavile, California, On May

8    /5 , 2008.

9

10

11                                    Lynnard Smith

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.

# EXHIBIT A

## "Declaration of Bobby McClelland"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

On the morning of 2-21-05 at 0520 hours, Inmate Smith D-89280, and I were conversing at the sink next to the water fountain when Officer Davis walked up and told Inmate Smith that he needed to speak to him. Inmate Smith told Officer Davis that any conversation they have would have to be with a third party present. Inmate Smith then asked me to stay there. Officer Davis then gestured over to the Supervising Cook Adams "To come here". Once Officer Davis had gotten Cook Adams attention he proceeded to tell Inmate Smith, "The next time you say who you are with", (A phrase from the Bernie Mack show), you will have to leave the kitchen. At approximately 0533 hours, on the morning of 2-21-05 I observed Inmate Smith talking to the supervisor by the steamer ovens. A little bit thereafter, Officer Davis rushed up from the side and went behind Inmate Smith and started snatching and pulling on Inmate Smith's arm. Inmate Smith then turned and asked Officer Davis "Why do have you have your hands on me man", Officer Davis then pressed his alarm and pulled out his billyclub. Other officers and a sergeant arrived in response to the alarm as Inmate Smith stood there with his hands behind his back, at which time the sergeant told Inmate Smith to cuff up, Inmate Smith turned around and was cuffed and escorted off.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. Dated:_____ʧuﬡe  15ᵗʰ_____, 2005, at CTF-Soledad Prison in Monterey County California.

H-29611

PL-01

## "DECLARATION OF BOBBY McCLELLAND"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

On the morning of Feb 22nd 2005 while at my work assignment, c/o Pearson entered  the break-room where I and a few other individuals were on break and addressed inmate Smith.

She (c/o Pearson) entered the room and said; "Damn Smith!... What's up?...Are you alright? (smith nodded his head in the affirmative).  She proceeded to say; they need to get Davis' retarded ass out of here before he gets someone hurt.  I know if he (Davis) would have snatched on me and put a stick in my face, I would have whipped his ass."

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.
Dated  6/2/05         , 2005, at CTF-Soledad Prison in Monterey County California

_H-29611_

PL-02

# EXHIBIT B

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INST | LOG NO. |
|---|---|---|---|---|---|
| D89280 | SMITH, L. | CCR, §3005(c) | 2/21/05 | CTF-C | I -02-05-16 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ _Smith_ | 2-8-5 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| 3/7/05 | Declined | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for posponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED ☐ WAIVED BY INMATE | ▶ _Smith_ | 2/1/05 |

| ☒ ASSIGNED | DATE 3-5-05 | NAME OF STAFF C/O J. SEVERY |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE INFORMATION REQUESTED

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☒ OTHER Inmate Witnesses  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 03/26/05, Correctional Officer G. Edwards was assigned as the Investigative Employee for this RVR, Log: #I-02-05-16, and Inmate SMITH, L., D-89280, acknowledged the assignment. Correctional Officer G. Edwards introduced himself to Inmate SMITH, and asked SMITH if he would have any problem with him (C/O Edwards) being assigned as his Investigative Employee. Correctional Officer Edwards asked SMITH if he wanted any staff or inmate witnesses present at his hearing; or did he have any other questions for any other officers or for the Investigative Employee.

(continued on next page).

DEFENDANT'S STATEMENT: (Interview with I/M Smith) - On Thursday, March 24, 2005, at approximately 1150 hours, I interviewed I/M SMITH, L., D-89280, XW-214U, concerning RVR - Log# I-02-05-16. I asked SMITH what took place on the morning of 02-05-2005.

Answered: At approximately 0520 hours, I was inside the inmate culinary bathroom cleaning it up when C/O Davis
**(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)**

| FINAL INVEST. REPORT ISSUED BY ▶ _Everson_ | DATE 4-1-05 | TIME 1510 | INVESTIGATOR'S SIGNATURE ▶ G. EDWARDS, Correctional Officer | DATE |
|---|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ VERDE SOTO | | TIME 2040 | DATE 3-5-05 |

CDC 115-A (7/88)

PL-03

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _8_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/29/05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:

DEFENDANT'S STATEMENT - continued:

came inside the bathroom, looked at me and said, "Was up Smith". I immediately stopped what I was doing and exited the bathroom without saying a word. I went inside the main culinary and started talking to Inmate McClelland by the sink. A few minutes later C/O Davis walked behind us twice. On his third trip behind us, C/O Davis stopped and said, "Smith, I need to talk to your". I replied, "I don't want to do no secret or private talking with you Daivs, so could you call my supervisor and I will call another inmate to witness our conversation". C/O Davis called my direct supervisor, CSC Adams. I told inmate not to leave so he could witness the conversation. C/O Davis then said, "Smith, the next time I hear you say, 'who you with', I will have you escorted out of the kitchen for disrupting the program and write you a 115 - do you hear me?" I never said nothing to C/O Davis at the time. C/O Davis walked off saying "Yea, you heard me." Approximately ten (10) minutes later, I am walking and talking to Inmate Lemming, by the butcher shop. I said to Inmate Lemming, "What's up, how you doing this morning?" C/O Davis ran out of the butcher shop door saying, "That's it, that's it!" C/O Davis got on his radio, and I just look at C/O Davis and kept on walking, because he never said anything directly to me. I walked around to the steamer ovens. My supervisor, CSC Adams, was standing there with CSC Baker. I asked CSC Adams if I could speak to him. CSC Adams said, "Yes". I asked CSC Adams "If he felt like I was doing anything or saying anything this morning to disrupt the program in the kitchen?" CSC Adams replied, "No Smith, I do not think that you're been disruptive, I have not heard you say nothing". At that exact moment, someone physically grabbed my left arm from behind with two hands (bicep area) and started violently snatching - pulling on me. I turned my head to see exactly who was grabbing me. C/O Davis was the individual doing the snatching, grabbing, and pulling on me from behind. I then said real loud, "Why do you got your hands on me, let me go Davis!" C/O Davis did not say as to why he was snatching on me. I turned my head back towards CSC Adams and CSC Baker. I asked CSC Adams "Why do he got his hands on me, could you please tell him to let me go."

CSC Adams and CSC Baker did not say a word. The two free staff cooks stepped away from me with a looked of astonishment on their faces. I turned back towards C/O Davis once again with my head, and said in a louder voice "Why do you got your hands on me, let me go Davis". After C/O Davis second time snatching on me, he then hit his panic button, while I stood there with my hand calmly behind my back. Other prison guards ran in there as soon as the alarm went off. C/O McCoy came up to me and told me to cuff up. I replied, let me remove my working gloves. I removed my work gloves. C/O McCoy put two sets of hand cuffs on me because one set would not fit me. At no time during talking with C/O McCoy was I rude, loud, angry, disruptive, non-compliance or non-responsive to C/O McCoy's verbal orders. I was escorted to the holding cell, stripped.

**(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)**

I.E. issued by signed Danigh ____ 4/05 1510 hrs

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | G. EDWARDS, Correctional Officer | 4-1-1 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

PL-04

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE 3 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/31/05 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:
DEFENDANT'S STATEMENT - continued:

The MTA conducted an unclothed body inspection of me, after that I was escorted unhand cuffed back to the holding cells. Somewhat after that Sergeant Sirwit got me out of the holding cells, walked me back to my section B-Wing, unhand cuffed, into B-Wing's clerk's office and asked me to tell him exactly what occured. I explained to Sergeant Sirwit that I was speaking with my free staff supervisor, CC Adams, in a calm - respectful manner and then C/O Davis came up behind me snatching, brbbing and pulling on me. Sergeant Sirwit then lowered and started shaking his head in disbelievement as to what I was telling him. Sergeant Sirwit said, "He grabbed you?" I replied, "Yes, he snatched on me, pulling my arm from behind while I was speaking to CC Adams in front of the steamer ovens, and if you don't believe me, go talk to CC Adams". Sergeant Sirwit said that he would have to go talk with CC Adams to see exactly what he has to say. Sergeant Sirwit then left, came back and gave me my SRD Card, I informed Sergeant Sirwit that I left my college books, jacket and cup, and that I haven't eaten yet. Sergeant Sirwit said that he would have another inmate to bring my stuff. At no time during talking to CC Adams was I disrespectful, rude or loud in any manner, so there wasn't no reason nor any justification for this prison guard to creep up behind and put his hands on me in the first place.

On Tuesday, March 22, 2005, the following day, I reported to work. C/O Pearson saw me and walked into the inmate breakroom where I, I/M Smith, D-89280; I/M McClellan, H-29611; and I/M Haney, D-35143, was sitting. C/O Pearson said, "What's up Smith, no hole, no write up, no nothing huh?" I replied, "I didn't do nothing". C/O Pearson replied, "Yea, I spoke to Davis, he told me that he grabbed you, I told Davis that he can't be snatching on no inmates, if he wanted to take you out the kitchen, he first was suppose to tell you to come with. If you didn't want to come, he was then to call for an S&E, wait for the S&E, then tell you to put your hands on the wall then cuff you up and let you know that you're being escorted out of the culinary. Not walking up behind no inmates, grabbing on them." Then I replied, "I didn't do nothing or say nothing, he just walked up behind me and grabbed me". C/O Pearson then left. No incidents occurred on 2-22-05.

Wednesday, March 23, 2005, I reported for work and no incidents occurred. Thursday and Friday was my RDOs.

Saturday, March 26, 2005, I reported for work. C/O Davis was at work also. I never said a word to him. I spoke to my supervisor, CC Adams. I asked CC Adams, "Who did you exactly speak to on the 21st of February?" CC Adams replied, "I spoke to Sergeant Sirwit and to the Watch Commander." Then I asked CC Adams, "Do you remember exactly which Watch Commander that you spoke to?" CC Adams replied, "I'll try to get that for your reports". Further, I asked CC Adams, "Can you get me a copy of your reports that you wrote concerning the incident with C/O Davis?" CC Adams replied, Let me speak to Sergeant Sirwit and see if I can get you a copy of my report." Later that morning after I left work on 2-26-05, I was going through the metal detector, headed for the yard, I seen Sergeant Sirwit. I asked if I could have a minute of his time. So myself and Sergeant Sirwit exited the door towards the yard. I asked Sergeant Sirwit "If it could be possible if he could get me from the culinary completely because I didn't want to be assigned to the culinary anymore, so I won't be falsely accussed on again for something I didn't do by this prison guard". Sergeant Sirwit replied, "You would have to go to Classification for that, I'll talk to the Culinary Sergeant to see what can be done. Also, I spoke to the Watch Commander and he wouldn't sign off on the first or second rewrite of the 115 by C/O Davis, and the Watch Commander said that he didn't want no parts of this". Sergeant Sirwit further stated, "The only reason that I'm going to sign off on the 115 is saying that all of the words are spelled correctly and it's in the correct format of a 115". I then proceeded to the yard. Later that evening I was sent to Ad/Seg.

**( CONTINUED ON ATTACHED CDC 115-C)**

Ie. Issued By _____ IT _____          4-1-05  15/0 hrs

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | G. EDWARDS, Correctional Officer 9 | | 9/1-05 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

PL-05

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 4 OF 8 |

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/30/05 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

## INVESTIGATIVE REPORT

DEFENDANT'S STATEMENT - continued

Days prior to the 21st of February, C/O Davis was harrassing me. On Saturday, March 19, 2005, I attempted to go out the main culinary searching for C/O Amoro so I could get my ID Card so I could leave work. I asked my direct supervisor, Correctional Cook I Bennett, if I could go. He said, "Yes". So when I proceeded to go out the gate, looking for C/O Amoro because he had my ID Card and the gate was open. C/O Davis "Ran" over to the gate, placing his right hand on the gate and placed his left hand on the wall blocking the exit. I then asked C/O Davis, "What are you doing, I'm looking for C/O Amoro so I can get my I.D. card, you're not my supervisor." C/O Davis replied, "Get back in the gate, you're not going nowhere". C/O Davis then started closing the gate on me, so I said to C/O Davis, "What are you doing, you're just gong to hit me with the gate now huh?" This prison guard just looked at me real intensively so I stepped back. C/O Davis closed and locked the gate staring at me. A few seconds later C/O Amoro came out of the staff bathroom while I was still standing at the gate. C/O Amoro asked me, "What's up Smith?" I replied, "My supervisor Bennett said I could leave, can I get my I.D. card?" C/O Amoro gave me my I.D. card, searched me and as I was leaving, C/O Davis was standing up against the wall, with one foot on the wall staring at me shaking his head up and down, I just left the kitchen.

Sunday 20, 2005, I asked my supervisor CC Adams if I could go get some salt and pepper from the front serving line. CC Adams said that I could go get some. As I started out the gate C/O Davis once again "Ran" over to the gate in front of me. The gate was wide open so C/O Davis couldn't pull the exact same maneuver that he did to me on Saturday 19, 2005. So I stepped to my left saying excuse me. C/O Davis jumped back in front of me saying, "You're not getting out of this gate like you did yesterday." So I stepped to my right saying, "Excuse me, I'm trying to do my job". C/O Davis jumped back in front of me again and started saying, "You're going to get into a wreck!" C/O Davis keep repeating "You're going to get into a wreck!" So I just left the gate area. This prison guard asked my supervisor CC Adams if he let me out the gate. CC Adams confirmed that he did. By the grace of God another inmate witnessed this event. I/M Baugh (B-Wing, 2nd tier).

All these prior events which later led up to Monday's 21st of Feb. incident of this prison guard loosing his mind, using unnecessary force against me, by physically snatching, grabbing, and pulling on me from behind while I was in a polite conversation with free staff, Correctional Cooks Adams, in front of the steamer ovens, was not called for. This prison guard's actions, oppressive and unprofessional conduct is not in accord with CDC's rules, procedures/policies on physically putting his hands on an inmate, especially when said inmate is "Not" being any type of a present threat to any persons, staff or inmates. Exactly what amounted in this present situation is C/O Davis commented a felony assault on me by creeping up and snatching on my persons from behind without any legal or right justification (PC 147). I became the ill-motivated attention of C/O Davis' bulls eye target once he discovered I was a Muslim, who disagreed with some of his devoted Christianity view points about religious matters. Had I done one tenth of what this prison guard said I did, I would have been locked up day one on the 21st of February, no questions asked, and when Sgt. Banda asked C/O Davis what the problem was this prison guard never said anything about me threatening him in any manner, so now it's time for the big lie!

( CONTINUED ON ATTACHED CDC 115-C)

I.E. Issued By J. Nesbury et _____ 4-1-05  1510  hs

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| G. EDWARDS, Correctional Officer | | 4-1-11 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

PL-06

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
PAGE 5 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/29/05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:
DEFENDANT'S STATEMENTS - continued:

In this prison guard's bogus report, for some unknown reason he just so happenedly forgot/omitted to State that I, I/M Smith, D-89280, was standing in front of the steamer ovens talking to "Free Staff Correctional Cook Adams, while Free Staff Correctional Cook Baker stood by". Neither one of the free staff, Correctional Cook's "Adams or Baker" collaborated this prison guard's erroneous event's of said incident on the morning of Feb. 21, 2005, after being intensely interviewed by upper staff member's ("Watch Commander, Lieutenants and Sgt's"). Had "Any" of the events reported by this prison guard been collaborated by free staff, Correctional Cook's "Adams or Baker", the Watch Commander and Sgt. wouldn't of had "Any" other option but to lock me up in Ad/Seg., not send me back to my housing unit, and then allow me to keep on going back to work.

Question: Did C/O Davis instruct you to get on the wall before he grabbed you?
Answer: No. He just came from behind me and grabbed my arm with two hands, snatching and pulling.
************************end of I/M Smith's statements*************

REPORTING EMPLOYEE'S STATEMENT: (C/O S. Davis, C-Wing Officer; RDO's: W/TH):
On Friday, March 25, 2005, at approximately 1000 hours, I interviewed C/O Davis concerning RVR - Log: #I-02-05-16.

Question: I asked C/O Davis what type of behavior was Inmate Smith displaying that morning.

Answer: I saw Inmate Smith displaying behavior which I viewed as disruptive. He was staring at me as he walked past me, bobbing his head up and down and making loud noises.

Question: What type of noises?
Answer: He was saying in a loud voice black T-Shirt, but I could not understand what he was saying. But, the day before he was saying, "Who ya with" to other inmates and I verbally counseled him about this behavior and that next time he will be escorted out of the kitchen.

Question: Was he receptive to your counseling?
Answer: No, so I informed him that he will be getting a 115 for his disruptive behavior.
(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)

I. E. Issued By /Jamesdewi, J    4-1-05  1510 hrs.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | G. EDWARDS, Correctional Officer | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

PL-07

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                        PAGE _6_ OF _8_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/29/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:

STAFF WITNESS' STATEMENT - continued  (C/O Davis)

Question:  Did anyone come to assist you in escorting Inmate Smith out of the kitchen?
Answer:  No, I contacted Central Control, but there were no S&E available, so I was told over the radio to do it myself.

Question:  When Inmate Smith failed to be escorted by you, did you give him instructions to get on the wall to be cuff up?
Answer:  No, I just went over to him and placed my right hand on the back of his left upper arm and gave him a direct order to leave the culinary.

Question:  Did you use two hands?
Answer:  No, just my right hand.

Question:  So what happen when he did not complied?
Answer:  He pulled away from my grasp, and due to his physical actions, I activated my personal alarm, then I tried again to escort Smith, by placing one hand on the same area of his arm. That is when he really resisted and pulled away from me again.

Question:  Why did you draw you side-handle baton?
Answer:  After he pulled away from me the second time, he got in to a fighting stance, with his right fist clenched and held shoulder level, and his left fist hop level. He then stated, "Get your fucking hands off me', and that is when I drew my baton into a basic tuck position and waited for staff to arrived. Once staff arrived, and C/O McCoy handcuffed Smith, I returned my baton back into my ring.

STAFF WITNESS' STATEMENT:  (On Friday, March 25, 2005, at approximately 0915 hours, I interviewed CSC Adams concerning RVR - Log: #I-02-05-16.)

Question:  I asked CSC Adams - did he see Inmate Smith been disruptive that morning?
Answer:  No. Inmate Smith approached me, and asked me if he had done anything devastating this morning, and I said no.

Question:  Before C/O Davis put his hand on Inmate Smith, did he give him any instruction to get on the wall to be cuff up?
Answer:  No.

Question:  When did C/O Davis activate his personal alarm?
Answer:  He tried to grabbed Inmate Smith by his left arm to escort him out of the kitchen, Smith asked him, "Why are putting your hands on me?", and Smith slightly pulled away from C/O Davis. Davis tried a second time to grabbed Smith's left arm, and pulled away again, that's when C/O Davis activated his alarm.

Question:  Did Inmate Smith ever take a fighting stance or had his hands clenched in a fist?
Answer:  No. He was just standing not moving till responding staff arrived.
        *****end of CSC Adams' statement*****
(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C) I.E. Issued By Jewborn, ot  4-1-05  1570 hr

| | | DATE SIGNED |
|---|---|---|
| SIGNATURE OF WRITER G. EDWARDS, Correctional Officer | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

PL-08

STATE OF CALIFORNIA'                                                      DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                          PAGE _7_ OF _8_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/29/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:

STAFF WITNESS' STATEMENT:   (CSC Baker, Kitchen Supervisor, RDO's: S/S) -
On Friday, March 25, 2005, at approximately 0930 hours, I interviewed CSC Baker concerning RVR - Log: #I-02-05-16.

Question:   I asked CSC Baker - Did he see Inmate Smith been disruptive?
Answer:   No. I just walking in to the kitchen when I saw C/O Davis grabbing Inmate Smith by the arm. I asked CSC Adams what was going on, then I saw C/O Davis pressing his alarm, and pulling out his baton.

Question:   Did Inmate Smith was in a fighting stance?
Answer:   No. He just was standing there with his hands behind his back. Staff arrived and cuff him up, and took him out the kitchen.
          *********end of CSC Baker's Statement******

STAFF WITNESS' STATEMENT:   (C/O C. J. McCoy, Dining Hall Officer, RDO's: F/S)
On Thursday, March 24, 2005, at approximately 1230 hours, I interviewed C/O McCoy concerning RVR- Log: #I-02-05-16.

Question:   I asked C/O McCoy what did he see when he responded to the Code-1 in the Central Kitchen.
Answer:   I observed C/O Davis with his side handle baton drawn in his right arm, in a basic tuck position, with his left hand very close to Inmate Smith's face. At no time did I see Inmate Smith in an aggressive stand, or with his fist clenched.

Question:   Was Inmate Smith been disruptive?
Answer:   No. Sergeant Banda asked C/O Davis what the problem was, and Davis stated, "He need to be escorted out of the kitchen, "he is causing a disturbance". At that time, I placed Inmate Smith in hand cuffs and escorted him out of the kitchen to the holding cell.
          ********end of C/O C. J. McCoy's Statement*********

INMATE WITNESS' STATEMENT:   (I/M McClelland, H-29611, BW-335U)
On the morning of 2/21/05, at 05:20 hours, Inmate Smith and I were conversing at the sink next to the wter fountain when Officer Davis walked up and told Smith that he needed to speak to him. I/M Smith told Davis that any conversation they have would have to be with a third party present. I/M Smith then asked me to stay there. C/O Davis then gestured over to the Supervising Cook Adams, "to come here". Once C/O Davis had gotten Cook Adams attention, he proceeded to tell I/M Smith "The next time you say who you with" (a phrase from the Bernie Mac Shwo), you will have to leave the kitchen. At approximately 05:33 hours, on the morning of 2/21/05, I observed Inmate Smith talking to the supervisor by the steamer ovens. A little bit thereafter C/O Davis rushed up from the side and went behind I/M Smith and started snatching and pulling on Smith's arm. I/M Smith then turned and asked C/O Davis, "Why do you have your hands on me man". C/O Davis then pressed his alarm and pulled out his billy-club. Other officers and a SGT arrived in response to the alarm as I/M Smith stood there with his hands behind his back, at which time the SGT. told Smith to cuff up, Smith turned around and was cuffed and escorted off.
**************************end of I/M McClelland, H-29611 *****************

**(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)**

I.E. issued By Jenssen, LT                          4-1-05   1510 hrs.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| G. EDWARDS, Correctional Officer | | 4 · 1 · 15 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

PL-09

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
PAGE 8 OF 8

| CDC NUMBER | INMATE'S NAME | LOC NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/29/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

INVESTIGATIVE EMPLOYEE'S REPORT:

INMATE WITNESS' STATMENT: (I/M Haney, D-35143, FW-110U)

On February 21st, 2005, I, Samuel Haney, was at my work assignment (A.M. Cook) in the Central Culinary main Kitchen. At approximately 5:00 A.M. I was standing by the big pots in the main kitchen facing the steamers. I saw Inmate Smith (D-89280), talking with to free staff cooks (Adams and Baker). I saw correctional Officer Davis walk pass me and walk up behind Inmate Smith. Inmate Smith never knew C/O Davis was behind him; because, he never looked in back of him while talking with the two free staff cooks. All of a sudden C/O Davis without warning grabbed Inmate Smith by the arm with both hands and began pulling Inmate Smith backwards. Inmate Smith turned around to face C/O Davis and asked him in a loud voice; "Why do you have your hands on me" Let me go C/O Davis!" C/O Davis then pulled out his baton and pushed his alarm button. Immediately other officers arrived to the main kitchen and escorted Inmate Smith to the holding cages. I have seen C/O Davis harassing Inmate Smith during his work assignment for the past two days before this incident.
************************end of I/M Samuel Haney's Statement**********

INMATE WITNESS' STATEMENT: (I/M Lemming, K-02882, BW-133U):

On February 21, 2005, at approximately 0600, C/O Davis asked me, I/M Douglas Wyatt Lemming (K-02882), if I knew what I/M Smith (D-89280) had said to me a few minutes earlier. I responded that "I didn't know exactly what he had said, but that it was merely a greeting like 'Good morning'". C/O Davis then said "Alright" and left.
*************end of I/M Lemming's Statement********

Reporting Employee requested at the hearing:          No
Investigative Employee requested at the hearing:      No
Any Information in Confidential Reports:               No
Inmate Witnesses requested at the hearing:            Yes (3)    Inmate McClelland    H-29611    BW-335U
                                                                 Inmate Haney         D-35143    FW-110U
                                                                 Inmate Lemming       K-02882    BW-133U

*****End of INVESTIGATIVE EMPLOYEE'S REPORTS in its entirety*********

I.E. issued By Jeardan, 4-1-05 1510 hrs.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| G. EDWARDS, Correctional Officer | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | |

CDC 115-C (5/95)

PL-10

# EXHIBIT C

## "Declaration of Steve Adams"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

On 2-21-05, at approximately 0540 hours, Inmate Smith D-89280, assigned to position MKWFC.223 with RDO's on Thursday and Friday, approached me, CSC Adams and asked me "Have I done anything devastating this morning", and I replied "No", and Officer Davis approached us and stated "Inmate Smith I am escorting you out of the culinary, let's go", Officer Davis grasped Inmate Smith by his left arm to escort him. Inmate Smith said "Why are you putting your hands on me", and Inmate Smith slightly pulled away from Officer Davis. Officer Davis again said, "I am escorting you out" and again Inmate Smith pulled away from Officer Davis when Officer Davis attempted to grasp Inmate Smith's left arm. After Inmate Smith refused the second time, Officer Davis stepped back and activated his personal alarm and drew his side handle baton. Officer Davis stood in one position watching Inmate Smith, and Inmate Smith did not move or say anything. Responding staff arrived and Officer McCoy placed mechanical restraints on Inmate Smith and he was escorted out of the kitchen.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. Dated:_____ 6//5/05 _____, 2005, at CTF-Soledad Prison in Monterey County California.

S, Adams

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE _1_ OF _1_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 2/21/05 |

[X] SUPPLEMENTAL   [ ] CONTINUATION OF:   [ ] 115 CIRCUMSTANCES   [ ] HEARING   [ ] IE REPORT   [ ] OTHER _____

On 2/21/05, at approximately 0540 hours, Inmate SMITH, D89280, assigned to position MKWFC.223 with RDO'S on TH/F, approached me, CSC Adams, and asked me, "Have I done anything devastating this morning?" And I replied, "No." And C/O Davis approached us and stated, "Inmate SMITH, I am escorting you out of the culinary, let's go." C/O Davis grasped Inmate SMITH by his left arm to escort him. Inmate SMITH said, "Why are you putting your hands on me?" And Inmate SMITH slightly pulled away from C/O Davis. C/O Davis again said, "I am escorting you out." And again Inmate SMITH pulled away from C/O Davis when the officer attempted to grasp his left arm. After Inmate SMITH refused the second time, C/O Davis stepped back and activated his personal alarm and drew his side handle baton. C/O Davis stood in one position watching Inmate SMITH, and Inmate SMITH did not move or say anything. Responding staff arrived and C/O McCoy placed mechanical restraints on Inmate SMITH and he was escorted out of the kitchen.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| Steve ADAMS, CSC | | 3-8-05 |

[X] COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|

CDC 115-C (5/95)

PL-12

# EXHIBIT D

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE-CENTRAL FILE | CANARY-WARDEN |
| BLUE-INMATE (2ND COPY) | PINK-HEALTH CARE MGR |
| GREEN-ASU | GOLDENROD-INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER | HOUSING |
|---|---|---|
| SMITH, L. | D89280 | FR: BW-208L TO: XW-206L |

### REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHER

[ ] JEOPARDIZED INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On this date, 2/26/05, you, Inmate SMITH, D-89280, BW-208L, are being transferred from Unit 1, BW-208L to Unit II, XW-206L, and placed on Administrative Segregation Status, due threatening Staff. Specifically, on 2/21/05, at approximately 0540 hours, while in the CTF-Central Kitchen, C/O S. Davis made an attempt to escort you out of the kitchen. C/O Davis placed his right hand on the back of your left upper arm. You pulled away and took a fighting stance. You clenched your right fist and held it at about shoulder level. You clenched your left fist and held it about hip level. You stated to C/O Davis, "get your fucking hands off me!" Your actions caused C/O Davis to take several steps back. Utilizing a basic cross draw, he drew his state issued side handle baton into the basic tuck position. You will remain on Administrative Segregation status pending adjudication of the RVR for Threatening Staff and review by ICC for appropriate program / housing needs. As a result of the AD/Seg placement your credit earnings, custody level, privilege group and visiting status are subject to change. This placement is authored by D.M. Benedetti, Correctional Lieutenant S/W, CTF-Central Facility.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINT NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 2/26/05 | D.M. Benedetti | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 2/26/05 | 1910 | Cosem | | |

INMATE REFUSED TO SIGN     INMATE SIGNATURE     CDC NUMBER

### ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE?? | [X] YES [ ] NO | |
| FLUENT IN ENGLISH?? | [X] YES [ ] NO | |
| ABLE TO COMPREHEND ISSUES?? | [X] YES [ ] NO | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?? | [X] YES [ ] NO | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED?? | [X] YES | |

| | |
|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYMENT | [X] YES [ ] NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [X] YES |

Any "NO" requires assignment

[X] NOT ASSIGNED

Any "NO" requires assignment

[X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | | DATE |
|---|---|---|
| Sm.th | D-89280 | 2/28/05 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY     [X] RETAIN PENDING ICC REVIEW     [ ] DOUBLE CELL     [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:
Present's a threat to the safety and security of the institution.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| M. Moore | Fac Capt (u) | 1/28/05 | 1255 | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|

See Chronological Classification Review document (CDC 128-G) for specific hearing information

PL-13

# EXHIBIT E

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:    Institution/Parole Region    Log No.    Category

1. CTF-C    1. 05 - 01802 (S) -9
   OCT 1 2005
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *LYNNARL*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| SMITH | D-89280 | UNASSIGNED | LB-234 |

A. Describe Problem: ON 6-2-05 I RECEIVED MY I.C.C CHRONO. ON 5-12-05 I ATTENDED I.C.C. AT CTF-CENTRAL X-WING AD/SEG., THE PANEL MEMBER J.SOLIS CDW, ELECTED TO SEND ME TO NORTH FACILITY A-YARD LEVEL III, PLACED ME UP FOR TRANSFER BEHIND ME BEING FOUND GUILTY OF "REFUSAL TO OBEY ORDERS" CDC-115, AND THE REPORTING EMPLOYEE'S BELIEF THAT HIS SAFETY WOULD BE AT RISK, THE PANEL IS COVERING UP THE FACT THAT 1.) THE REPORTING EMPLOYEE C/O S. DAVIS "PHYSICALLY ASSAULTED" ME ON 2-21-05; 2.) THE REPORTING EMPLOYEE C/O S. DAVIS USED "UNNECESSARY FORCE" AGAINST ME ON 2-21-05; 3.) THE REPORTING EMPLOYEE C/O S. DAVIS FALSIFIED A CDC-115

If you need more space, attach one additional sheet.

B. Action Requested: TRANSFERRED BACK TO CTF-CENTRAL; GIVING MY AIA WORK STATUS; ALL DOCUMENTS REMOVED FROM MY C-FILE PERTAINING TO THE FALSE ALLEGATIONS; AND NO MORE FURTHER REPISALS AGAINST ME.

Inmate/Parolee Signature: *Lynnard Smith*    Date Submitted: 6-5-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    **RECEIVED**    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim
OCT 0 2 2005    ___ - 7 2005

05 - 01802

CTF APPEALS    P1 - 14

PL.15

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

Interviewed by: _____

**BYPASS**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____  Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JUN 07 2005   Due Date: JUL 20 2005

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

☒ See Attached Letter

Signature: _____  Date Completed: 9/29/05

Warden/Superintendent Signature: _____  Date Returned: OCT 1 2005

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

NO TIME PRIOR TO: DURING AND/OR AFTER THE INCIDENT ON 2/21/05 WAS I THREATEN-
-ING TOWARDS THIS OFFICER EVEN AFTER I WAS PHYSICALLY ASSAULTED BY C/O DAVIS. AFTER
THE INCIDENT I WAS STILL REPORTING TO WORK IN THE KITCHEN *2/21/05 THRU 2/26/05,"
THIS OFFICER WAS AT WORK IN THE KITCHEN ALSO. IT WAS ONLY AFTER I WAS FOUND NOT
GUILTY OF THE CONSTRUCTED FABRICATED CHARGES AND ABOUT TO BE PLACED BACK IN G.P.
IN CTF-CENTRAL, C/O DAVIS THEN MADE FALSE THREAT ASSESSMENT CONCERNS. THIS WAS ANOTHER
REPRISAL AGAINST ME FOR FILING A 602 WHICH WAS USED TO REMOVE C/O DAVIS OUT OF HIS POST
POSITION. *CR-604*, ALL THE 602'S ARE REJECTED TO THIS ISSUES AS A WHOLE. (*SEE REJECTED
602'S LOG # 1.) CTF-C-05-00643; 2.) CTF-C-05-0132C ALREADY FORWARDED TO SACRAMENTO
FOR THIRD LEVEL REVIEW. EVERYTHING DONE TO ME AFTER I WAS FOUND NOT GUILTY OF THE
FALSE CHARGES WAS NOTHING BUT REPRISAL AGAINST ME AND MY AIA STATUS SHOULD BE
RESTORED.

Signature: _____   Date Submitted: Oct. 20, 2005

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

☐ See Attached Letter

Date: JUN 2 4 2006

CDC 602 (12/87)

PL-16

SMITH D-89280

... DOCUMENT TO PLACE ME IN AD/SEG., IN ATTEMPTS TO "COVER UP" HIS ('C/O S. DAVIS') UNPROFESSIONAL CONDUCT ON 2-21-05 ; 4.) AND ALSO C/O S. DAVIS FALSIFIED STATE DOCUMENTS AGAINST ME THAT WAS REFERRED TO MONTERRAY DISTRICT ATTORNEY, FOR PROSECUTION WHICH WAS DENIED ("INCIDENT LOG # "CTF-CEN-05-02-0058"). AT NO TIME DURING THE INCIDENT OF 2-21-05 WITH C/O S. DAVIS WAS I THREATENING TO HIM, THIS FACT WAS ATTESTED TO BY FREE STAFF CSC S. ADAMS ; FREE STAFF CSC BAKER ; AND A NUMBER OF INMATES ("SEE APPEAL LOG # CTF-C-05-00663"). Sgt. B. BANDA ASKED C/O S. DAVIS "WHAT THE PROBLEM WAS," ON THE MORNING OF 2-21-05 , C/O S. DAVIS REPLIED "HE NEEDS TO BE ESCORTED OUT, HE'S CAUSING A DISTURBANCE." C/O S. DAVIS NEVER SAID HE FELT THREATENED BY ME ON 2-21-05 AFTER BEING QUESTIONED BY Sgt. B. BANDA. AFTER THE INCIDENT ON 2-21-05, I WAS STILL REPORTING TO MY JOB ASSIGNMENT AS AN AM COOK THE WHOLE WEEK UNTIL Lt. BENEDETTI PLACED ME IN AD/SEG, ON 2-28-05. THE REPORTING EMPLOYEE C/O S. DAVIS "WAS" THE REGULAR KITCHEN C/O ("POST ASSIGN. # CR-64"), C/O S. DAVIS WAS AT WORK , IN THE CULINARY, DURING THE 2-21-05 THRU 2-26-05, AND I WAS AT WORK DURING THIS WEEK OF 2-21-05 THRU 2-26-05 ; AT NO TIME DID I APPROACH C/O S. DAVIS TO TRY TO ENGAGE HIM IN ANYTYPE OF CONTROVERSY OR CONVERSATION AFTER HE (C/O S. DAVIS) ASSAULTED ME ON 2-21-05. "AFTER" I FILED MY CDC-602/CITIZEN COMPLAINT LOG # CTF-C-05-00663 ALLEGING EMPLOYEE MISCONDUCT BY C/O S. DAVIS ON 2-25-05, C/O S. DAVIS WAS "REMOVED" OUT OF HIS REGULAR POST ASSIGNMENT # CR-64 AND RE-ASSIGNED TO "C-WING 2ND WATCH DUTIES", DUE TO MY CDC-602/ CITIZEN'S COMPLAINT. Sgt. VASQUEZ ("CULINARY SGT.") INTERVIEWED ME ON 3-24-05 AT APPROXIMATLY 1830 hrs ABOUT MY CDC-602/CITIZEN'S COMPLAINT LOG # CTF-C-05-00663 WHILE I WAS IN AD/SEG X-WING 214, Sgt. VASQUEZ INFORMED ME THAT THE REPORTING EMPLOYEE C/O S. DAVIS WAS "REMOVED" OUT OF HIS REGULAR POST ASSIGNMENT # CR-64, AND Sgt. VASQUEZ ATTEMPTED TO GET ME TO DROP MY CDC-602/CITIZEN'S COMPLAINT — I REFUSED, AND JUST SO HAPPEN MY CDC-602/CITIZEN'S COMPLAINT CAME UP MISSING AND I HAD TO WRITE THE CCII CHILDRESS TO GET A COPY OF MY APPEAL LOG # —

. . . CTF-C-05-00663. THE REPORTING EMPLOYEE C/O S. DAVIS IS "NOW" SAYING THAT HE FELLS THAT HIS SAFETY IS AT RISK, JUST ANOTHER SYNTHETIC SCHEME TO "COVER UP" HIS BLATENT UNPROFESSIONALISM, MISCONDUCT AND ASSAULT ON ME, WHICH IS A DIRECT REPISAL AGAINST ME. THE PANEL ("J. SOLIS") IS CONDONING C/O S. DAVIS' MISCONDUCT BY TRANSFERRING ME OUT OF CTF-CENTRAL, TAKING MY A1A WORK STATUS AND PLACING ME AT NORTH FACILITY ALL BEHIND FABIFIED INFORMATION FROM C/O S. DAVIS. THE PANEL ("J. SOLIS") IS CONTINUING TO HELP C/O S. DAVIS, IN COLLUSION, TO "COVER-UP" SAID OFFICERS ILL MISCONDUCT INSTEAD OF DEALING JUSTLY WITH C/O S. DAVIS FOR HIS UNPROFESSIONALISM IN THE APPROPRIATE MANNER.

Lynnard Smith D-89280
June 5, 2005

PL.17

PL-17

CUSTODY:   MED A      RELEASE: MEPD 11-24-2002
RECLASS:   06-01-05     C/S: 19
PRIV. GR.:   B         WORK GR.: A2

## SUMMARY: I.C.C: RX RELEASE TO CTF NORTH PENDING TX. EST MED-A CUSTODY WG/PG A2/B EFF 05-12-05 PLACE ON THE S/S WL. REFER TO THE CSR FOR TX REVIEW. RX SOL II, WITH ALT OF ASP II UPON ADVERSE TX WG/PG WILL REVERT TO A2/B.

Inmate Smith appeared before ICC for his scheduled Ad Seg review. Subject was placed in Ad Seg on 02/26/05, for Threatening Staff. Subject was issued an RVR for the above charge that resulted in a Guilty Finding of a lesser but included offense "refusal to obey orders. A threat assessment worksheet was completed by Captain R. Pope which indicates that Smith cannot be housed at CTF due to the Reporting Employee belief that his safety would be at risk. The ICC elected to release Subject from Ad Seg to North Facility pending TX. And refer the case to the CSR for TX Consideration RX SOL II, with ALT of ASP II. Establish MED A custody, WG/PG to A2/B effective 05-12-05. D1/D EFF 02-26-05 through 05-11-05. And place him on the S/S W/L. Case Factor remain the same as noted on the 128-G dated 07-17-01. Subject is a 38 year old 1st termer received in CDC on 06-24-1988 from LA County for Murder I, Sex offenses: none, Arson: none, Escapes: 02-12-68 from a state camp with force. Enemies: noted, Gang Affiliation: 90th St. Crip. Disability: none, DDP CODE:NCF, Medical, FD/C TB code 22 per 128C dated 05-07-04.CCF, MCCF, MSF, CCRC not eligible due to life term. The subject states he understands the Committee's action. ASU yard group was reviewed and remains the same. He was advised that if he was dissatisfied, a Second Level Appeal must be submitted within 15 day of receipt of this chrono. Confidential File has been reviewed and noted. Subject does meet double cell housing eligibility per CDC policy. GPL: GED. RPL: UNK. Psychiatric concerns: NONE. The subject was interviewed by Dr. B. Zika during ICC, in regard to any psychiatric concerns. When asked for comments regarding today's ICC action, Subject declined to make any further comments.

CHAIRPERSON: A. P KANE WARDEN      RECORDER: J. L. SARELI, CCII
PANEL: J. SOLIS CDW;               FC (A) L. HANCOCK; B. ZIKA, PHD;
D. GIBSON CCI; J.L SARELI CCII /jls

DIST:   C-FILE
       INMATE

DATE: 05-12-05       CLASSIFICATION: I.C.C. /AD SEG      INST:    CTF-CENTRAL

PL. 18

## ATTACHMENT  APPEAL  LOG# CTF-C-05-01802
### Second Level Review
### Page 1 of 2

**Smith  D-89280**     **Central Facility LB-234u**

### Appeal Decision:

**Denied**

Inmate Smith was interviewed on 9-22-05 by Correctional Lieutenant L. M. Moore. There was a delay in the matriculation of this appeal  due to the declared  "State of Emergency" at North Facility (see attached memo).

### Appeal Issue: Transfer

You are appealing issue wherein you claim that the Institutional Classification Committee (ICC) released you from Administrative Segregation (ADSEG) to North Facility and placed you up for transfer.

You request that you be transferred back to Central Facility, that you be given your A1A work status back, that all related documentation be removed from your C-File.

### Appeal response:

Your  (ADSEG) placement was the result of you being charged with "Threating Staff while you were housed at Central Facility. You also received Rules Violation Report (CDC 115) of which you were found "Guilty".

A Threat Assessment was made regarding the issue and it was determined that a threat continued to exist between you and the staff member assigned to Central Facility. Therefore, it was determined that housing you at North Facility would be a lesser risk than to re-house you at Central Facility.

It is noted that you may have filed a staff complaint regarding other issues concerning your Adseg placement.  Your complaint is separate and distinct from the ICC action that was taken.  Therefore, your appeal is **denied** at this level.

PL-20

1

**CTF Appeal Log No. CTF-C-05-01802**
**Second Level Reviewer's Response (page 2 of 2)**
**Re: Inmate Smith D-89280**

Reviewed By _____                    Date: 9/29/05
        W. Hill, Associate Warden Housing

Approved By _____                    Date: 10/3/05
        A. P. Kane, Warden (a) CTF Soledad

cc: Central File
    Appeals Office

2

PL-21

*cc: COW's*
*& CW's - C*
*Cor/Fac Capts*

State of California

Department of Corrections

*PIO*
*ERO*

# Memorandum

Date    :    September 12, 2005

To  :        John Dovey                     Via:   Mike Knowles
             Director                               Deputy Director (A)
             Division of Adult Institutions         Division of Adult Institutions

Subject :    **REQUEST FOR EXTENSION OF STATE OF EMERGENCY**

In accordance with Director's Rule 3383, I am requesting a fifth 30-day extension of the State of Emergency declared on April 15, 2005 (copy attached), for the Correctional Training Facility (CTF) and Salinas Valley State Prison (SVSP). This request is for the 30-day period of **September 13 through October 12, 2005.** An extension was previously granted for the 30-day period of August 14 through September 12, 2005.

As a result of extensive custody staff vacancies and the strain on basic security operations, I am requesting an additional extension of the State of Emergency to continue periodic program modifications due to staffing shortages. These program modifications are implemented when voluntary or involuntary overtime resources are unavailable to cover vacant posts. Program services beyond feeding, showers, medical appointments, and visiting are being provided as staff resources are available.

Based upon this ongoing situation, I am requesting approval for a fourth 30-day extension of the State of Emergency declared on April 15, 2005. Staffing levels are expected to continue to deteriorate until late June, with the arrival of several dozen new Correctional Officers at both CTF and SVSP from the Academy.

DERRAL G. ADAMS
Assistant Director (A)
High Security and Transitional Housing Section

Attachment

cc: A. P. Kane
    Mike Evans

SEP 2 0 2005

RECEIVED *AWC*

2005 SEP 19  A 10: 46

WARDENS OFFICE
CTF SOLEDAD

PL-22

# EXHIBIT F

## "Declaration of Michal Baugh"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

1.) That on 2-20-05 (Sunday) in the A.M. in the central culinary as I was doing my assigned job I observe Officer Davis stepping in front of Inmate Smith D-89280, and stating to him, "Your going to get in a wreck" in a menacing manner;

2.) That Inmate Smith D-89280, did reply, "Say man, I'm trying to do my job", at which time Officer Davis repeated, "Your going to get into a wreck" continuing to step in front of Inmate Smith in a confrontational manner;

3.) That Inmate Smith D-89280 did reply, "Look man, I'm trying to do my job" at which time Inmate Smith proceeded to leave the area and I continued my job.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. Dated: _____JuNE 13 2005_____, 2005, at CTF-Soledad Prison in Monterey County California.

_Mike B_____

_C 57.598_____

PL-23

# EXHIBIT G

# RULES VIOLATION REPORT

TABE Reading SCORE IS:    ☐ BELOW 4.0    ☐ EQUAL 4.0    ☐ ABOVE 4.0

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO. I- |
|---|---|---|---|---|---|---|
| D89280 | SMITH, L. | | LITER | CTF-C | BW-208L | 02-05-16 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS Threatening Staff A Public | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR, §3005(c) | Refuse to Obey Orders official | | Culinary Central | 2/21/05 | 0540 HRS |

**CIRCUMSTANCES** On 2-21-05 at approximately 0540 hours while assigned as the Central Facility Kitchen Officer, I observed inmate SMITH, D-89280, BW-208L, assigned as a Preparation Cook, displaying behavior I viewed to be disruptive. While I was standing next to the butcher shop door, I noticed Inmate SMITH staring at me as he walked past, moving his head in an up and down motion and making loud noises. I couldn't understand what he was saying, although a few of the words sounded like "Black T-Shirt". About ten (10) minutes earlier, in the presence of CS1 Adams, Cook Supervisor 1, I had verbally counseled Inmate SMITH about his disruptive behavior on the previous day. Inmate SMITH had walked around the kitchen saying in a loud voice, "Who ya with ?" while the other inmates responded back, "Who ya with ?" and at one point I overheard an inmate respond back to SMITH by saying "The Bloods" (a recognized prison gang). During this counseling I informed Inmate SMITH that he would be receiving a write up for his disruptive behavior on the previous day, which was completely unacceptable and informed that the next time he became disruptive, I would have him escorted out of the kitchen. Due to Inmate SMITH'S current disruptive behavior, I contacted the Central Control Room, via institutional Radio, to request an escorting officer to escort a disruptive inmate out of the Culinary.

## (CIRCUMSTANCES CONTINUED ON ATTACHED CDC 115-C)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. DAVIS, Correctional Officer | 2/27/05 | Kitchen Officer | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| DESOTO, Correctional Sergeant | 2/27/05 | By: | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE   ☑ SERIOUS (121-150) | B | 3-2-05 | ▶ D.N. MCCALL, Correctional Lieutenant | ☐ HO ☑ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ VERDESOTO | DATE 3/5 | TIME 2040 | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☑ INCIDENT REPORT LOG NUMBER: TF-CEN 05-07 | BY: (STAFF'S SIGNATURE) ▶ C/OR. Sloan | DATE 3/18/05 | TIME 1150 | BY: (STAFF'S SIGNATURE) | DATE | TIME |

**HEARING** On 4-15-05, at approximately 2000 hours, Inmate SMITH, CDC# D89280, BW-208L, appeared before this Senior Hearing Officer (SHO), for adjudication of CDC-115, Rules Violation Report (RVR), Log Number I-02-05-16, charging him with violation of California Code of Regulations (CCR), Title 15, §3005(c), for the Specific Act of "Threatening a Public Official," a Division B offense.

## (HEARING CONTINUED ON ATTACHED CDC 115-C)

**FINDINGS:** Inmate SMITH has been found GUILTY of the lesser charge, CCR 3005(b), for the specific act of "Refusal to Obey Orders to be Escorted Out or Cuff Up," a Division (F) offense. This finding was based upon a preponderance of the evidence submitted at the hearing, which does substantiate the finding. This evidence included:

## (FINDINGS CONTINUED ON ATTACHED CDC 115-C)

**DISPOSITION:** INMATE SMITH IS ASSESSED: 30 DAYS FORFEITURE OF CREDIT, consistent with a Division (F) Offense per CCR 3323(h)(3). 30 DAYS LOSS OF PRIVILEGES beginning 4/15/05, and ending 5/15/05; This means no Red Card (A1A), or Yard Card (A2B) tier/yard activities. Access to Yard is allowed only from 1215 to 1500 hours weekdays only. The SHO counseled, reprimanded, and advised Inmate of future behavior expectations. REFER TO UCC for PROGRAM REVIEW. Inmate SMITH was advised that he will receive a completed copy of the CDC-115 upon final audit by the Chief Disciplinary Officer. He was also advised of his right to appeal, the methods of appealing and credit restoration procedures.

| REFERRED TO | ☐ CLASSIFICATION | ☐ BPT/NAEA | DISALLOWED 30 DAYS for DUE 30 FAIR WAS | | |
|---|---|---|---|---|---|

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| J. VERA, Correctional Lieutenant | | ▶ | LT | 04-18-05 | 1900 H |

| REVIEWED BY: (SIGNATURE) FOR ▶ R. A. POPE, Facility Captain | DATE 4/20/05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ W. HILL, Associate Warden | DATE 4/20/05 |
|---|---|---|---|

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ C/OR. Sloan | DATE 4/21/05 | TIME 1150 |
|---|---|---|---|

CDC 115 (7/88)

Copy from file to Im on 1-5-06

PL-24

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 4/15/05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER ___ |
|---|---|---|---|---|---|

**HEARING CONTINUED:**

The SHO introduced himself and explained the purpose of this hearing. The rules and procedures for the hearing were also explained to Inmate SMITH. Inmate SMITH stated he understood the process, and was in "good" health. Inmate SMITH acknowledges receiving copies of all relevant documents more than 24 hours prior to this hearing. Inmate SMITH is not a patient / participant in the Mental Health Services Delivery System at any level of care He did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made. This SHO reviewed Inmate SMITH'S TABE / GPL score and determined that his score is ABOVE 4.0. Inmate SMITH stated he understood the charges and did not need assistance in defending himself. A Staff Assistant was not assigned as the criteria per CCR § 3315(d)(2) were not met. Inmate SMITH requested an Investigative Employee and Correctional Officer G. Edwards was assigned as the Investigative Employee on 3/26/05. Inmate SMITH did not request the presence of the Reporting Employee. Inmate SMITH did not request the presence of Staff or Inmate witnesses.

**INMATE'S PLEA / STATEMENT:**

The charge was read to Inmate SMITH and he pled: NOT GUILTY. Inmate SMITH made no statements at the hearing.

**FINDINGS CONTINUED:**

1- These findings are based upon information provided in the RVR, wherein the Reporting Employee, Correctional Officer S. Davis, documents the following, "On 2-21-05 at approximately 0540 hours, while assigned as the Central Facility Kitchen Officer, I observed inmate SMITH, D-89280, BW-208L, assigned as a Preparation Cook, displaying behavior which I viewed to be disruptive. While I was standing next to the butcher shop door, I noticed Inmate SMITH staring at me as he walked past, moving his head in an up and down motion and making loud noises. I couldn't understand what he was saying, although a few of the words sounded like "Black T-Shirt". About ten (10) minutes earlier, in the presence of CS1 Adams, Cook Supervisor 1, I had verbally counseled Inmate SMITH about his disruptive behavior on the previous day. Inmate SMITH had walked around the kitchen saying in a loud voice, "Who ya with?" while the other inmates responded back, "Who ya with?" and at one point I overheard an inmate respond back to SMITH by saying, 'The Bloods' (a recognized prison gang). During this counseling I informed Inmate SMITH that he would be receiving a write up for his disruptive behavior on the previous day, which was completely unacceptable; and, informed him that the next time he became disruptive. I would have him escorted out of the kitchen. Due to Inmate SMITH'S current disruptive behavior, I contacted the Central Control Room, via institutional Radio, to request an escorting officer to escort a disruptive inmate out of the Culinary. I received information, via institutional radio, that there were no escorting officers available and that I would need to escort the inmate out of the Culinary. While utilizing the institutional radio for any available assistance, I watched Inmate SMITH continue to walk across the kitchen floor and stared at me. I walked across the kitchen floor to Inmate SMITH, who stopped by the food steamers, and instructed him to leave the kitchen, Inmate SMITH refused to comply with my instructions. I took a step towards him, placed my right hand on the back of his left upper arm and gave him a direct order to comply with my instructions and exit the culinary. Inmate SMITH pulled away from my grasp and stepped back. Due to his non-compliance and physical actions, I activated my personal alarm device. I then gave Inmate SMITH additional orders to come with me, as I stepped towards him and again placed my right hand on the back of his left upper arm, in an effort to escort him out of the kitchen.

**(HEARING CONTINUED ON ATTACHED CDC 115-C)**

~~FILE COPY~~

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | J. VERA, Correctional Lieutenant *Veha LT* | | 04-18-05 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) *C/OR. Shaw* | DATE SIGNED 4/21/05 | TIME SIGNED 1150 |

PL-25

STATE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                      PAGE _3_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 4/15/05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER _____

HEARING CONTINUED:

Inmate SMITH again pulled away from my grasp and then took a fighting stance, with his right fist clenched and held at about shoulder level, his left fist clenched and held at about hip level, with his eyes were opened wide and his face scrunched, Inmate SMITH'S stated, 'Get your fucking hands off me.' I took several steps back and drew my side handle baton, utilizing a basic cross draw into a basic tuck position. Responding staff arrived and Correctional Officer C. McCoy placed Inmate SMITH in handcuffs. I placed my side handle baton back into its ring and Inmate SMITH was escorted out of the kitchen by responding Staff without further incident."

ADDITIONAL FINDINGS:
The offense was reduced to the lesser charge of 3005(b), "Refusing to be Cuffed Up and Escorted Out of the Culinary," a Division "F" offense. This finding is based on the eyewitnesses written reports, which stated that Inmate SMITH was not disruptive and that he (Inmate SMITH) was not given any verbal commands to cuff up. However, C/O Davis, the Culinary Officer, made an attempt to escort Inmate SMITH out of the Culinary, but Inmate SMITH broke away from his (C/O Davis) grasp, which clearly defines an act of defiance (refusing to comply with C/O Davis' order to cuff up and be escorted out of the Culinary). Had Inmate SMITH complied, there would have been no need for the activation of the personal alarm in the Culinary on 2/21/05, and thus the disruption of the A.M. Culinary Program.

$Fc(a)$

Reviewed by: _____    Date: 4-28-05
              R. A. POPE, Facility Captain

Chief Disciplinary Officer: _____    Date: 4-20-05
              W. HILL, Associate Warden

FILE COPY

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | J. VERA, Correctional Lieutenant | 04-18-05 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O R. Shaw | DATE SIGNED 4/21/05 | TIME SIGNED 1150 |

CDC 115-C (5/95)

PL-26

# EXHIBIT H

**NUMBER: D-89280**    ~~ME:~~ SMITH    HOUSING: ~~XW-Q~~    CDC-128G (REV. 4/74)

| | | |
|---|---|---|
| CUSTODY: | MED A | RELEASE: MEPD 11-24-2002 |
| RECLASS: | 06-01-05 | C/S: 19 |
| PRIV. GR.: | B | WORK GR.: A2 |

**SUMMARY: I.C.C: RX RELEASE TO CTF NORTH PENDING TX. EST MED-A CUSTODY WG/PG A2/B EFF 05-12-05 PLACE ON THE S/S WL. REFER TO THE CSR FOR TX REVIEW. RX SOL II, WITH ALT OF ASP II UPON ADVERSE TX WG/PG WILL REVERT TO A2/B.**

Inmate Smith appeared before ICC for his scheduled Ad Seg review. Subject was placed in Ad Seg on 02/26/05, for Threatening Staff. Subject was issued an RVR for the above charge that resulted in a Guilty Finding of a lesser but included offense "refusal to obey orders. A threat assessment worksheet was completed by Captain R. Pope which indicates that Smith cannot be housed at CTF due to the Reporting Employee belief that his safety would be at risk. The ICC elected to release Subject from Ad Seg to North Facility pending TX. And refer the case to the CSR for TX Consideration RX SOL II, with ALT of ASP II. Establish MED A custody, WG/PG to A2/B effective 05-12-05. D1/D EFF 02-26-05 through 05-11-05. And place him on the S/S W/L. Case Factor remain the same as noted on the 128-G dated 07-17-01. Subject is a 38 year old 1st termer received in CDC on 06-24-1988 from LA County for Murder I, Sex offenses: none, Arson: none, Escapes: 02-12-68 from a state camp with force. Enemies: noted, Gang Affiliation: 90th St. Crip. Disability: none, DDP CODE:NCF, Medical, FD/C TB code 22 per 128C dated 05-07-04.CCF, MCCF, MSF, CCRC not eligible due to life term. The subject states he understands the Committee's action. ASU yard group was reviewed and remains the same. He was advised that if he was dissatisfied, a Second Level Appeal must be submitted within 15 day of receipt of this chrono. Confidential File has been reviewed and noted. Subject does meet double cell housing eligibility per CDC policy. GPL: GED. RPL: UNK. Psychiatric concerns: NONE. The subject was interviewed by Dr. B. Zika during ICC, in regard to any psychiatric concerns. When asked for comments regarding today's ICC action, Subject declined to make any further comments.

**CHAIRPERSON: A. P KANE WARDEN**    **RECORDER: J. L. SARELI, CCII**

**PANEL: J. SOLIS CDW;**    **FC (A) L. HANCOCK; B. ZIKA, PHD;**

**D. GIBSON CCI; J.L SARELI CCII /jls**

DIST:    C-FILE
         INMATE

DATE: 05-12-05    CLASSIFICATION: I.C.C. /AD SEG    INST:    CTF-CENTRAL

PL.27

# EXHIBIT I

COPY

TREAT AS ORIGINAL

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
CTF-C    05 - 00663    7

JUN 1 3 2005

2nd LEVEL APPEALS COPY

CTF APPEALS STAFF COMPLAINT

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME L. SMITH | NUMBER D-89280 | ASSIGNMENT A.M. COOK | UNIT/ROOM NUMBER B-208L |
|---|---|---|---|

A. Describe Problem: IN ACCORDS WITH PENAL CODE 832.5 I AM FILING THIS
DOCUMENT AS A CITIZEN'S COMPLAINT AGAINST C/O DAVIS.
ON THE MORNING 2/21/05 WHILE WORKING AS AN A.M. COOK C/O DAVIS VIOLENTLY
ASSAULTED ME FROM BEHIND BY YANKING MY ARM-TWICE WHILE I WAS ENGAGED
IN A CONVERSATION WITH MY SUPERVISOR A.M. COOK ADAMS, I TURNED TO SEE
WHO WAS YANKING ON ME, AND TO MY SHOCK IT WAS C/O DAVIS, I ASKED HIM
WHY DID HE HAVE HIS HANDS ON ME, HE THEN PUSHED HIS ALARM AND PULLED OUT
HIS BATON, AND PUT IT IN MY FACE AS I STOOD THERE WITH MY HAND CALMLY FOLDED

If you need more space, attach one additional sheet. BEHIND MY BACK, I WAS SUBSEQUENTLY CUFFED AND

B. Action Requested: I REQUEST THAT C/O DAVIS FORMALLY APOLOGIZE IN WRITING FOR
ATTACKING ME UNPROVOKED, AND THAT HE UNDERGOES EXTENSIVE TRAINING ON
POLICIES AND PROCEDURES WITH RESPECT TO INMATES) DEALING. I FURTHER
REQUEST THAT I SUFFER NO REPRISALS AS A RESULT OF FILING THIS COMPLAINT

Inmate/Parolee Signature: _L. Smith_    Date Submitted: 2/25/05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

RECEIVED JUL 29 2005
APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED OCT 13 2005
APPEALS BRANCH

BYPASS

RECEIVED    RECEIVED

RECEIVED FEB 28 2005

Date Submitted: _____

No appeals will be accepted by a completed Board of Control form BC-15 Inmate Claim

JUN 1 3 2005    PL-28

CDC Appeal Number:

05 - 00663

CTF APPEALS    CTF APPEALS

DEPARTMENT OF CORRECTIONS
Correctional Training Facility
Soledad, California

**SUPPLEMENTAL PAGE**
Second Level Appeal

Date:   **JUNE 07, 2005**

To:   **SMITH, L.**          CDC #: **D89280**     CELL: **BW-208L**

RE:   CTF APPEAL LOG NO. *CTF-C-005-00663*
Second Level Reviewer's Response

**APPEAL DECISION:**       **PARTIALLY GRANTED**

**APPEAL ISSUE:**       Category: # 7   Topic: STAFF COMPLAINTS

**APPEAL RESPONSE:**

**Mr. Smith,**

A thorough review of your 602 Inmate Appeals package reveals that:

1)   You claim that on the morning of February 21, 2005, while working as Central Culinary A.M. Cook, Correctional Officer S.G. Davis assaulted you from behind by yanking your arm twice while you were engaged in a conversation with your supervisor.

2)   You claim that after you questioned Officer Davis about his behavior, he activated his personal alarm and retrieved his personal baton from his side.

3)   Upon being placed in mechanical restraints, you were escorted to a Central Holding Cell for approximately 2 hours while the incident was being investigated.

4)   On March 26, 2005, A.J. Vasquez, Culinary Sergeant, interviewed you concering you alleagetions of staff misconduct. At the interview, you reiterated your complaint as written in your 602 Inmate Appeal, Log # CTF-C-05-00663.

5)   On March 27, 2005, Segeant A.J. Vasquez interiewed Correctional Officer S. Davis regarding your allegations against him.

PL-30

( CONT )

AND ESCORTED TO THE HOLDING CAGE AT APPROXIMATELY 05:33 hrs.
A VARIETY OF PEOPLE WITNESSED THE INCIDENT, BOTH STAFF AND INMATE ALIKE.
AFTER TALKING TO S/O DAVIS AND A.M. COOK ADAMS, IT WAS DETERMINED
THAT THE OFFICER WAS AT FAULT, AND I WAS SUBSEQUENT RELEASED
FROM THE HOLDING CAGE AT APPROX 07:30 AND RETURNED TO THE WING.

I AM SCHEDULED TO RETURN TO WORK SUNDAY FEB 27TH, 2005
AND THESE ARE THE DAYS ( 27TH & 28TH ) THAT S/O DAVIS WORKS
THE SAME AREA.

( CONT )

ACTION REQUESTED:

I FURTHER REQUEST THAT NO BOGUS DOCUMENTS BE MANUFACTURED
TO TRY AND PUT ME IN AD/SEG.

INMATE BREWER E-97754 ZW-123L IS A VICTIM OF FALSE
DOCUMENTATION BY S/O DAVIS, SO I PRAY TO GOD, THAT I
AM NOT THE VICTIM OF A SIMILAR PLOT. I FURTHER REQUEST
TO REMAIN AT CTF CENTRAL BW-208L

I REQUEST THAT THE FOLLOWING PEOPLE BE INTERVIEWED

| | |
|---|---|
| LASKO - J-90483 (C-228L) | McCLELLAND - H-29611 (B-335u) |
| LUDDON - D-48719 (Z-234u) | HANEY D-35143 ( F-110u) |
| BREWER E-97754 (Z-123L) | FRANCO - J-20357 (B-234u) |
| (FREE STAFF COOK) ADAMS | LEMMING K-02882 (B-220uP |

VALLEY ADULT SCHOOL
USE BOTH SIDES

PL-34

ON FEB. 21, 05 AT APPROX. 0530
HOURS WHILE AT MY JOB ASSIGNMEN
( BEEF HASH) I OBSERVED THE FOLLOWIN
INCIDENT

INMATE (SMITH) AND SUPERVISOR (ADAM
WERE ENGAGED IN A CONVERSATION LES
THAN 10 FEET FROM ME IN FRONT OF
THE STEAMERS. A FEW MINUTES LATER
C/O DAVIS APPROACHED THEM FROM
INMATE (SMITH)'S LEFT SIDE. HE STOPPED
WITHIN ARMS DISTANCE OF INMATE (SMITH
AND WITHIN A FEW MOMENTS GRABBED
INMATE (SMITH) BY THE UPPER LEFT ARM
AND PULLED IN A VIOLENT MANNER. INMA
(SMITH) SHOOK C/O DAVIS FREE OF HIS
UPPER LEFT ARM AND TOOK 1 STEP BACK
WHILE STATING " WHY DO YOU HAVE YOUR
HANDS ON ME "? C/O DAVIS TOOK 1 STEP
BACK AND PUSHED HIS ALARM. HE THEM
ASSUMED A COMBATIVE STANCE WITH HIS
BATON DRAWN UNDER HIS RIGHT ARM.
INMATE (SMITH) THEN PLACED HIS HANDS
BEHIND HIS BACK AND STOOD UNMOVING
UNTIL ADDITIONAL C/O'S ARRIVED.


LOUIS LASKO
J-90483
C-2282                    2/21/05

4 OF 8                          PL-36

On 2/21/05

I heard the alarm sound in the Kitchen
and I looked and seen inmate Smith Put
his hands behind his back and the Police
handcuff him.

Franco - J - 20357

Date: 2/21/05

6 of 8

PL-38

Upon arriving to my assignment in the culinary on the morning of February 21, 2005, at approximately 0600, C/O Davis unlocked a door in the Butcher Shop area so that I could perform one of my duties. After relocking the door, I was walking in front of C/O Davis as I/M Smith (D-89280) greeted me with a handshake and a "Good morning." Immediately after this gesture, C/O Davis radioed a request for assistance to remove a disruptive inmate from his culinary assignment. At the time I did not know who the disruptive inmate was so I continued on with other duties. It surprised me to learn later that it was I/M Smith C/O Davis was referring to.

Then, 10 minutes later, C/O Davis asked me what I/M Smith had said to me as we shook hands. I responded that I believed it was a normal, everyday greeting, but that I couldn't remember the exact words he used.

I/M Douglas W. Lemming K02882 BW-22C
D.W. Lemming
02-21-05

"A" CONTINUED FACTS SMITH D-89280

... ESSENCE OF THE "CODE OF CONDUCT" RULES AND REGULATIONS, BY MALICIOUSLY ASSAULTING ME, USING UNNECESSARY FORCE, AND EXACERBATED THIS SITUATION WHEN HE ("C/O S.G. DAVIS"), CONSTRUCTED FABRICATED MATERIAL FACTS ON A RVR CDC-115 LOG No. I-02-05-16, AND ON AN "INCIDENT REPORT" LOG No. CTF-CEN-05-02-0058. C/O S.G. DAVIS THEN ENTERED INTO A COLLABORATION OF COLLUSION WITH LT. D.M. BENEDETTI, Sgt. VERDESOTO, AND Sgt. PADILLA, TO PLACE ME (I/m SMITH) IN AD./SEG. FIVE (5) DAYS AFTER THE ALLEGED INCIDENT, IN ATTEMPTS TO COVER-UP THE UNPROFESSIONALISM OF HIS (C/O DAVIS) AGGRESSIVELY VIOLENT AND MALADAPTIVE BEHAVIOR. DUE TO, THIS 602, C/O S.G. DAVIS WAS REMOVED OUT OF HIS WORK ASSIGNMENT ("POST POSITION NO. CR-64") ACCORDINGLY TO Sgt. VASQUEZ. THE CONSTRUCTED FABRICATED MATERIAL, COMBINED WITH C/O S.G. DAVIS' FURTHER FALSE ALLEGATIONS OF BEING AFRAID FOR HIS SAFETY, WHICH WAS ANOTHER REPRISAL AGAINST ME, WAS ALSO USED AS A BASES TO TRANSFER ME OUT OF CTF-CENTRAL LEVEL II. ("See ALSO RELATED INMATE APPEAL LOG NO. CTF-C-05-01320 AND INMATE APPEAL FALSIFICATION OF RECORDS OR DOCUMENTS; AND INMATE APPEAL LOG NO. CTF-C-05-01802 TRANSFER). ON THE DAY OF THE INCIDENT (2/21/05) CTF STAFF MEMBERS PERSONALLY INVESTIGATED THIS SITUATION, "LT. E.D. PALMER ("WATCH COMMANDER"); LT. D.N. McCALL; 1st/WATCH COMMANDER; Sgt. A.J. VASQUEZ ("KITCHEN Sgt."); AND Sgt. A.SIRWIT ("RELIEF KITCHEN Sgt."), AND IT WAS DETERMINED "AFTER" INTERVIEWING FREE STAFF CSC BAKER AND CSC S. ADAMS, THAT I (I/m SMITH) WAS NOT AT FAULT AND RELEASED ME OUT OF THE HOLDING CAGES. NONE OF THE AFOREMENTIONED CTF STAFF MEMBERS WHO PERSONALLY INVESTIGATED THIS INCIDENT, "DOCUMENTED" THEIR SAID FINDINGS, IN VIOLATION OF D.O.M. Sec. 3, ART. 22, Subsec, 33030.3.1 "CODE OF CONDUCT" [IN PERTINENT PART] "REPORT MISCONDUCT OR ANY UNETHICAL OR ILLEGAL ACTIVITY AND COOPERATE FULLY WITH ANY INVESTIGATION".

I WANT MY AIA STATUS RESTORED; SENT BACK TO CTF CENTRAL LEVEL II, AND All MY PRIVIlEDGES RESTORED.

Smith D-89280

PL-41

# EXHIBIT J

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE 1 OF 1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D89280 | SMITH, L. | I -02-05-16 | CTF-C | 3/2/05 |

[X] SUPPLEMENTAL  [ ] CONTINUATION OF:  [ ] 115 CIRCUMSTANCES  [ ] HEARING  [ ] IE REPORT  [ ] OTHER _____

SUPPLEMENTAL

On 02/21/05, at 0525 hours, I responded to the Central Kitchen, where I observed C/O S. Davis with his baton drawn i his right arm i a basic tuck position. His left arm was approximately twelve (12") inches from Inmate SMITH, L., D-89280, XW-206L, in a bladed stance position.

Sergeant B. Banda asked Davis what the problem was, and Davis stataed, "He needs to be escorted out, he is causing a disturbance." At this time I placed Inmate SMITH in mechanical restraints, and he was escorted out of the kitchen.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. J. MCCOY, Correctional Office. | | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [X] COPY OF CDC 115-C GIVEN TO INMATE | /ERDG ST. | 3-5-05 | 0740 |

CDC 115-C (5/95)

PL-42

# EXHIBIT K

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JAN 2 4 2006**

In re:    Smith, D-89280
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

IAB Case No.: 0504581        Local Log No.: CTF 05-01802

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael H. Jensen, Facility Captain.    All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the Correctional Training Facility (CTF) Institution Classification Committee (ICC) action of May 12, 2005 that released him to CTF North pending transfer is a continuation of the institution's attempt to cover-up the fact he was assaulted by Correctional Officer (CO) Davis.  The appellant contends that the statement by CO Davis that he is threatened by the appellant's presence at CTF is just a ploy by administration to hide the fact he was assaulted by CO Davis, CO Davis used unnecessary force against him, and that CO Davis falsified an CDC Form 115, Rules Violation Report (RVR).  The appellant requests to be retained at CTF, have his Work Group/Privilege Group "A-1/A" status returned, and all documentation referring to the RVR removed from his central file.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was placed in Administrative Segregation Unit (ASU) after being charged with Threatening Staff, and being found guilty of the lesser included offense of Refusal to Obey Orders.   The Second Level of Review (SLR) indicated a Threat Assessment was conducted regarding the issue and it was determined that a threat continued to exist the appellant and a staff member of the Central Facility.  The SLR noted the appellant had filed other complaints concerning his placement in ASU. The SLR denied the appeal.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The appellant has filed this appeal concerning the ICC action of releasing him to the North Facility rather than returning him to the Central Facility, and referring him to the Classification Staff Representative (CSR) for an adverse transfer to California State Prison, Solano II or Avenal State Prison II.  As noted by the SLR, the appellant referenced two other appeals he has filed concerning his placement in ASU and the allegations of misconduct by CO Davis.

The Inmate Appeals Branch (IAB) review of the May 12, 2005 ICC CDC Form 128-G, Classification Chrono does not reflect the appellant's due process rights were violated. The committee explained to the appellant the basis for the action, explained to him his appeal options and the appellant was provided the opportunity to make comments toward the committee action and recommendation.  The IAB function with this appeal is to determine if the appellant's rights were provided him or violated during the classification process that led to his being referred to the CSR. The IAB has determined his rights were not violated and there is no basis on which to modify the SLR. Naturally if the appellant's other appeals concerning the RVR and the actions of CO Davis are successful, the issue of the ICC action could be readdressed.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3270, 3375, 3379, 3391

**C.  ORDER:** No changes or modifications are required by the institution.

PL- 43

SMITH, D-89280
CASE NO. 0504581
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SOL
        Appeals Coordinator, SOL
        Appeals Coordinator, CTF

PL-44

# EXHIBIT L

## "Declaration of Louis Lasko"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

On February 21, 2005, at approximately 0530 hours while at my job assignment ("Beef Hash") I observed the following incident; Inmate Smith and Supervisor Adams were engaged in a conversation less than ten (10) feet from me in front of the steamers. A few minutes later Officer Davis approached them from Inmate Smith's left side. Officer Davis stopped within arms distance of Inmate Smith and within a few moments grabbed Inmate Smith by the upper left arm and pulled in a violent manner. Inmate Smith shook Officer Davis free of his upper left arm and took one (1) step back while stating, "Why do you have your hands on me?" Officer Davis took one (1) step back and pushed his alarm, he then assumed a combative stance with his baton drawn under his right arm. Inmate Smith then placed his hands behind his back and stood unmoving until additional Officer's arrived.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. Dated: _June  15_____, 2005, at CTF-Soledad Prison in Monterey County California.

_J - 90483_

PL-45

# EXHIBIT M

## "Declaration of Douglas W. Lemming"

I declare under the penalty of perjury that the aforegoing is true and correct and that if called to testify to the following I would do so competently:

Upon arriving to my assignment in the culinary on the morning of February 21, 2005, at approximately 0600 hours, Officer Davis unlocked a door in the butcher shop area so that I could perform one of my duties. After re-locking the door, I was walking in front of Officer Davis as Inmate Smith D-89280 greeted me with a hand shake and a "Good Morning". Immediately after this gesture, Officer Davis radioed a request for assistance to remove a disruptive inmate from his culinary assignment. At the time I did not know who the disruptive inmate was so I continued on with other duties. It surprised me to learn later that it was Inmate Smith Officer Davis was referring to.

Then, ten (10) minutes late, Officer Davis asked me what Inmate Smith had said to me as we shook hands; I responded that I believed it was a normal, every day greeting, but that I couldn't remember the exact words that he used.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. Dated: __6/15_____, 2005, at CTF-Soledad Prison in Monterey County California.

D.W. Lemming

K 02882

PL-46



# EXHIBIT N

STATE OF CALIFORNIA–YOUTH AND ADULT CORRECTIONAL AGENCY    $X - \alpha V \mathcal{S}$    Arnold Schwarzenegger, Governor

**DEPARTMENT OF CORRECTIONS**
**CORRECTIONAL TRAINING FACILITY**
P.O. Box 686, Soledad, CA 93960
(831) 678-3951



<u>Transmittal of Incident Report Number:</u>
<u>CTF-CEN-05-02-0058</u>

Incident: <u>**THREATENING A PUBLIC**</u>
<u>**OFFICIAL**</u>

Inmate(s): <u>Lynard Smith, D-89280</u>

Incident Package Completion Date: <u>March 14, 2005</u>

District Attorney
P. O. Box 1369
Salinas, Ca 93902

Attention:    Prison Prosecutor
              Deputy District Attorney

We are enclosing copies of an Incident Report on the above named subject(s) for review by
your office and decision on whether or not you intend to prosecute in this matter.

We would greatly appreciate a reply from your office within five (5) working days so that
timely disposition can be made of our Institutional Disciplinary Reports.

Thank you for your cooperation in this matter.

Sincerely,

A. P. Kane
Warden (A)
Correctional Training Facility

Attachments:
         Incident Reports (1)
         JUS 8715 Form

cc:     I. S. U.
         Associate Warden
         Facility Captain – Unit I
         CDC-115/C-File
         Inmate

PL- 47

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PAGE 1 OF 11 | | | | INCIDENT LOG NUMBER<br>CTF-CEN-05-02-0058 | INCIDENT DATE<br>02/21/05 | | INCIDENT TIME<br>05:40 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | USE OF FORCE |
|---|---|---|---|---|---|---|
| CTF | Central | ☐ I ☒ II<br>☐ III ☐ IV | Central Kitchen | Central Kitchen | ☐ ASU ☐ SHU ☐ PSU ☐ PHU<br>☐ SNY ☒ GP ☐ CTC ☐ RC<br>SEG. YARD: ☐ CC ☐ WA ☐ RM | ☐ YES ☒ NO |

| SPECIFIC CRIME / INCIDENT | |
|---|---|
| Threatening a Public Official | ☒ CCR ☐ PC ☐ N/A<br>NUMBER/SUBSECTION: 3005(c) |

| D. A. REFERRAL ELIGIBLE | SERT ACTIVATED | NMT ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☐ YES ☒ NO |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ SUICIDE | ☐ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ NATURAL | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ OVERDOSE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ UNKNOWN | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | TYPE:  NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER: | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| ☒ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32(A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60(B) |
| ESCAPES | ☐ SPEAR | | ☐ 40MM | | | EXACT IMPACT |
| | ☐ SLASHING INSTRUMENT | | ☐ 40MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | | | ☐ SIDE-HANDLE BATON | | | ☐ OC |
| | ☐ BODILY FLUID ☐ OTHER FLUID: | | ☐ PHYSICAL FORCE | | | ☐ CN |
| ☒ N/A | ☐ UNKNOWN LIQUID | | ☐ X10 | | | ☐ CS |
| | ☒ N/A | | ☐ OTHER: | | | ☒ N/A |

| CONTROLLED SUBSTANCE / WEIGHT | | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ CONTROLLED MEDS | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ WITH PACKAGING | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISASTER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On 2-21-05, Inmate Smith, D-89280, took a fighting stance towards Correctional Officer S. Davis.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| D. Benedetti | Lt. | | |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE)<br>4038 | DATE<br>02/26/05 |
|---|---|---|

| NAME OF WARDEN / AOD (PRINT/SIGN)<br>JC Sish | TITLE<br>CAPT AOD | DATE<br>2-27-05 |
|---|---|---|

PL-48

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __11__

| INCIDENT LOG NUMBER |
| CTF - CEN-05-02-0058 |

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| CTF | Central | 02/21/05 | 05:40 |

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT    [ ] SUPPLEMENTAL INFORMATION    [ ] AMENDED INFORMATION    [ ] CLOSURE REPORT

**NARRATIVE:**

On 2-21-05, at approx. 0540 hours, Correctional Officer S. Davis was assigned as the Central Facility Kitchen Officer when he observed Inmate Smith, D-89280, display behavior that he viewed as disruptive. While C/O Davis was standing next to the butcher shop door, he noticed Smith staring at him as he (Smith) walked past, moving his head in an up and down motion and making loud noises. During Smith's current disruptive behavior, C/O Davis contacted the Central Control Room, via institutional radio, to request an escorting officer to escort Smith out of the culinary. Via institutional radio, Davis was advised that there were no escorting officers available and that he would need to escort the inmate out of the culinary. While Davis was utilizing his institutional radio, he observed Smith continue to walk across the kitchen floor and stare at him. Davis walked across the kitchen floor to Smith, who had stopped by the food steamers. Davis instructed Smith to leave the kitchen. Smith refused to comply with his instructions. Davis took a step towards Smith, placed his (Davis) right hand on the back of his (Smith) left upper arm and gave him a direct order to comply with his instructions and exit the culinary. Smith pulled away from his grasp and stepped back. Due to Smith's non-compliance and physical actions, Davis activated his personal alarm device. Davis then gave Smith additional orders to go with him and stepped towards him and again placed his right hand on the back of Smith's left upper arm, in an effort to escort him out of the kitchen. Smith again pulled away from his grasp and then took a fighting stance, with his right fist clenched and held it at about shoulder level, his left fist was clenched and held it at about hip level, and stated to Davis, "Get your fucking hands off me!" Davis took several steps back and drew his side handle baton, utilizing a basic cross draw into a basic tuck position. Responding staff arrived and Correctional Officer C. McCoy placed Smith in mechanical restraints. Davis placed his side handle baton back into its ring and Smith was escorted out of the culinary.

This writer discovered this incident by reading the CDC 115, which was left for C/O Davis' signature on this date (2-26-05).

Inmate Smith has been issued a Serious Rules Violation Report (RVR) for Threatening a Public Official; Log #I-02-05-16; Offense Division: B; Forfeiture of Credit: 121 - 150 Days Loss of Credit.

On this date, 2-26-05, upon discovery of the aforementioned incident, Inmate Smith was rehoused from BW-208L to XW-206L and placed on Administrative Segregation Status.

This matter is being referred to the Monterey County District Attorney's Office for possible felony prosecution.

No other staff or inmates received any injuries as a result of this incident.

All appropriate Administrative Staff have been apprised of the aforementioned.

You will be advised of any further developments in this matter via supplemental reports.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| D. Benedetti | Lt. | | |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 4038 | 02/26/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| | CAPT AOD | 2-27-05 |

PL-49

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDC 837-B1 (09/03)

PAGE _7_ OF _11_

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CTF | Central | Ctf-cen-05-02-0058 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| Smith | Lynard | A | D-89280 | M | Bla | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 19 | ☐ YES | | | / / | ☐ YES | | BW-208L |
| ☒ SUSPECT | | ☒ NO | | | | ☒ NO | | |
| ☐ WITNESS | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH | | | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |
| | ☐ MHCB ☐ DDP ☒ N/A | | | | | | |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☒ N/A   ☐ VALIDATED   ☒ ASSOCIATED   ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☒ N/A   ☒ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | | ☐ YES | | / / | / / | ☐ YES | / / | |
| ☐ SUSPECT | | ☐ NO | | | | ☐ NO | | |
| ☐ WITNESS | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH | | | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |
| | ☐ MHCB ☐ DDP ☐ N/A | | | | | | |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A   ☐ VALIDATED   ☐ ASSOCIATED   ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☐ N/A   ☐ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | | ☐ YES | / / | / / | / / | ☐ YES | / / | |
| ☐ SUSPECT | | ☐ NO | | | | ☐ NO | | |
| ☐ WITNESS | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH | | | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |
| | ☐ MHCB ☐ DDP ☐ N/A | | | | | | |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A   ☐ VALIDATED   ☐ ASSOCIATED   ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☐ N/A   ☐ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | | ☐ YES | / / | / / | / / | ☐ YES | / / | |
| ☐ SUSPECT | | ☐ NO | | | | ☐ NO | | |
| ☐ WITNESS | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH | | | COMMITMENT OFFENSE | | | COUNTY OF COMMITMENT |
| | ☐ MHCB ☐ DDP ☐ N/A | | | | | | |

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A   ☐ VALIDATED   ☐ ASSOCIATED   ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☐ N/A   ☐ N/A | |

PL-50

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __4__ OF __11__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CTF | Central | CTF - CEN-02-02-0058 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST Davis | FIRST Steven | MI G | TITLE Correctional Officer | SEX M | ETHNICITY Whi | RDO'S T/W |
|---|---|---|---|---|---|---|

| CHECK ONE | BADGE # ~~████~~ | ID # ~~████~~ | POST ASSIGN. # CR-64 | POSITION Culinary |
|---|---|---|---|---|
| ☒ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES  ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST McCoy | FIRST C. | MI J. | TITLE Correctional Officer | SEX M | ETHNICITY Whi | RDO'S F/S |
|---|---|---|---|---|---|---|

| CHECK ONE | BADGE # ~~████~~ | ID # | POST ASSIGN. # 1154 | POSITION Dining Room #2 |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES  ☒ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES  ☐ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES  ☐ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED   ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES  ☐ NO | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE _4A_ OF _11_

INCIDENT LOG NUMBER
CTF-CEN-05-02-0058

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| CTF | Central | 02/21/05 | 05:40 |

TYPE OF INFORMATION:
☐ SYNOPSIS/SUMMARY OF INCIDENT    ☒ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

**NARRATIVE:**

The following staff member is to be added to the above incident log number report:

Last Name: Adams
First Name: Steve
Middle Initial: A
Title: Supervising Cook
Sex: M
Ethnicity: Black
RDO's: W/Th
Role: Witness
Badge #: N/A
ID#: 2912300
Post #: R-5
Position: CSC
Injuries: None
Use of Force: None
Processed Evidence: None


That concludes the information on the above named staff member.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| D. Benedetti | Lt. | | |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 4038 | 03/09/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| R. Pope | Facility Captain | 3-10-05 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE _5_ OF _11_

INCIDENT LOG NUMBER
CTF-CEN-05-02-0058

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| DAVIS | STEVEN | G | 2/21/05 | 0540 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| CR-64 | Kitchen Officer | 4 YR. 11 MO. | | CTF Central Kitchen |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| T/W | 0400-1200 | Threatening a Public Official | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | Adams, CSI (S) | Smith |
| ☐ RESPONDER | Baker, CSI (S) R2 | Stopppatt (W) R2 |
| ☐ WITNESS | | McClelland (W) R2 |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | TYPE: | NO: | NO: |
| ☒ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | 9 MM | |
| ☐ NONE | ☐ 38 CAL | ☐ CN | L8 | | 38 CAL | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS | 40 MM | | MINI-14 | |
| ☐ WEAPON | ☐ 37 MM  ☐ L8 | ☐ OTHER: | 40 MULTI | | ☒ N/A | |
| ☐ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI  ☒ N/A | | | | | |
| ☒ NONE | ☐ HFWRS  ☐ BATON | | SHOTGUN | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | | ☐ YES |
| ☒ NO  ☒ N/A | | ☒ N/A | ☐ UNKNOWN | | ☒ NO |
| | | | ☐ OTHER: | | |

**NARRATIVE:**

ON 2-21-05 AT APPROXIMATELY 0540 HOURS WHILE ASSIGNED AS THE CENTRAL FACILITY KITCHEN OFFICER, I OBSERVED INMATE SMITH, D-89280, BW-208L, ASSIGNED AS A PREPARATION COOK, DISPLAYING BEHAVIOR WHICH I VIEWED TO BE DISRUPTIVE. WHILE I WAS STANDING NEXT TO THE BUTCHER SHOP DOOR, I NOTICED INMATE SMITH STARING AT ME AS HE WALKED PAST; MOVING HIS HEAD IN AN UP AND DOWN MOTION AND MAKING LOUD NOISES, I COULDN'T UNDERSTAND WHAT HE WAS SAYING, ALTHOUGH A FEW OF THE WORDS SOUNDED LIKE "BLACK T-SHIRT". ABOUT TEN (10) MINUTES EARLIER, IN THE PRESENCE OF CSI ADAMS, COOK SUPERVISOR 1, I HAD VERBALLY COUNSELED INMATE

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Correctional Officer | ███ | ███ | 2/27/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 3-4-05 | ☒ YES  ☐ NO | ☐ YES  ☒ NO | 3-4-05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

PL-53

CRIME / INCIDENT REPORT
PART C1 – SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

PAGE _6_ OF _11_

INCIDENT LOG NUMBER
CTF-CEN- 05-02-0058

NAME: LAST   DAVIS

FIRST   STEVEN

MI   G

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Smith. About his disruptive behavior on the previous day. Inmate Smith had walked around the kitchen saying in a loud voice, "Who ya with?" While the other inmates responded back, "Who ya with" and at one point I overheard an inmate respond back to Smith by saying, "The Bloods" (a recognized prison gang). During this counseling I informed inmate Smith. That he would be receiving a write up for his disruptive behavior on the previous day. Which was completely unacceptable and informed him that the next time he became disruptive, I would have him escorted out of the kitchen. Due to inmate Smith's current disruptive behavior, I contacted the Central Control room, via institutional radio, to request an escorting officer to escort a disruptive inmate out of the culinary. I received information via institutional radio, that there were no escorting officers available and I would need to escort the inmate out of the culinary. While utilizing the institutional radio for any available assistance, I watched inmate Smith continue to walk across floor and stare at me. I walked across the kitchen floor to inmate Smith, who stopped by the food steamers, and instructed him to leave the kitchen. Inmate Smith refused to comply with my instructions. I took a step towards him, placed my right hand on the back of his left upper arm and gave him a direct order to comply with my instructions and exit the culinary. Inmate Smith pulled away from my grasp and stepped back. Due to his noncompliance and physical actions, I activated my personal alarm device. I then gave inmate Smith additional orders to come with me, as I stepped towards him and again placed my right hand on the back of his left upper arm, in an effort to escort him out of the kitchen. Inmate Smith again pulled away from my grasp and then took a fighting stance, with his right fist clenched and held at about shoulder level. His left fist clenched and held at about hip level, with his eyes were opened.

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Correctional Officer | | | 2/27/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | | CLARIFICATION NEEDED | | DATE |
|---|---|---|---|---|---|---|
| Freedom, LT | 3-4-05 | ☒ YES | ☐ NO | ☐ YES | ☒ NO | 3-4-05 |

PL. 54

CRIME / INCIDENT REPORT
PART C1 – SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

PAGE 7 OF 11

INCIDENT LOG **NUMBER**
CTF-CEN-05-02-0058

NAME: LAST DAVIS    FIRST STEVEN    MI G

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE: WIDE AND HIS FACE SCRUNCHED, INMATE SMITH'S STATED, "GET YOUR FUCKING HANDS OFF ME". I TOOK SEVERAL STEPS BACK AND DREW MY SIDE HANDLE BATON, UTILIZING A BASIC CROSS DRAW INTO A BASIC TUCK POSITION. RESPONDING STAFF ARRIVED AND CORRECTIONAL OFFICER C. McCOY PLACED INMATE SMITH IN HANDCUFFS. I PLACED MY SIDE HANDLE BATON BAK INTO ITS RING AND INMATE SMITH WAS ESCORTED AAA OUT OF THE KITCHEN BY RESPONDING STAFF WITHOUT FURTHER INCIDENT.

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE Correctional Officer | BADGE # | ID # | DATE 2/27/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) Benedetti, LT | DATE RECEIVED 3.4.05 | APPROVED ☒ YES ☐ NO | CLARIFICATION REQUIRED ☐ YES ☒ NO | DATE 3.4.05 |

PL-55

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE _8_ OF _20_

INCIDENT LOG NUMBER
CTF-CEN-05-02-0058

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| McCoy | Curtis | J. | 2-21-05 | 0525 hrs. |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 1154 | Dining Hall #2 | 10 YR. ___ MO. | 2-21-05 | Central Kitchen |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 0500-1300 | Threating Staff | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | B. Banda (S) | unknown |
| ☒ RESPONDER | S. Davis (S) | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC ___ | 37 MM ___ | 9 MM ___ | |
| ☒ NONE | ☐ 38 CAL | ☐ CN ___ | L8 ___ | 38 CAL ___ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ CS ___ | 40 MM ___ | MINI-14 ___ | |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ OTHER: ___ | 40 MULTI ___ | ☒ N/A | |
| ☐ PHYSICAL | ☐ 40 MM ☒ 40 MULTI | ☒ N/A | SHOTGUN ___ | | |
| ☒ NONE. | ☐ HFWRS ☐ BATON | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: | ☒ NO |

**NARRATIVE:**

On 2-21-05 at 0525 hrs. I responded to the Central Kitchen, where I observed C/o S. Davis with his baton drawn in his right arm in a basic tuck position. His left arm was approximately 12 inches from Inmate Smith, D-89280, X-206L in a bladed stance position.

Sergeant B. Banda asked Davis what the problem was, and Davis stated "He needs to be escorted

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE Correctional Officer | BADGE # | ID # | DATE 2-28-05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 3-9-05 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 3-9-05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

PL-56

CRIME / INCIDENT REPORT
PART C1 – SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

PAGE 9 OF

INCIDENT LOG NUMBER
CTF-CEN- 05-02 -0058

NAME: LAST  McCoy    FIRST  Curtis    MI  J.

TYPE OF INFORMATION:

☐ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

out, He's causing a disturbance". At this time I
placed Smith in Mechanical Restraints, and he was escorted
out of the kitchen.

CHECK IF NARRATIVE IS CONTINUED ON PART C1

SIGNATURE OF REPORTING STAFF    TITLE  Correctional Officer    BADGE #    ID #    DATE  2-28-05

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED  3-9-05    APPROVED  ☒ YES  ☐ NO    CLARIFICATION NEEDED  ☐ YES  ☒ NO    DATE  3-9-05

PL-57

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE _1_ OF _2_

DEPARTMENT OF CORRECTIONS

INCIDENT LOG NUMBER
CTF-CEN-05-02-0058

| NAME: LAST | FIRST | M.I. | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| ADAMS | STEVE | A | 2/21/05 | 0540 AM |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| R-5 | CSC | 3 YR. 2 MO. | 2/21/05 | CTF CULINARY CENTRAL |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| W/THU | 0300-1100 | THREATING STAFF | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | | Sm ITH 089280 |
| ☐ RESPONDER | | |
| ☑ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU |
|---|---|---|---|

| FORCE USED BY YOU | WEAPONS USED BY YOU | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 / CHEM. TYPE: | | TYPE: NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM ☐ OC ____ | 37 MM | | 9 MM ____ |
| ☑ NONE | ☐ 38 CAL ☐ CN ____ | L8 | | 38 CAL ____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN ☐ CS ____ | 40 MM | | MINI-14 ____ |
| ☐ WEAPON | ☐ 37 MM ☐ L8 ☐ OTHER: ____ | 40 MULTI | | ☐ N/A |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☐ N/A | | | |
| ☑ NONE | ☐ HFWRS ☐ BATON | SHOTGUN | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☑ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☑ N/A | ☐ YES |
| ☑ NO | ☐ N/A | ☑ N/A | ☐ UNKNOWN ☐ OTHER: ____ | ☐ NO |

**NARRATIVE:**

ON 2/21/05, AT APPROXIMATELY 0540 HRS. I/M SMITH, CDC 089280, ASSIGNED TO POSITION MKWFC.223 WITH RDO'S ON THURSDAY AND FRIDAY, APPROACHED ME CSC ADAMS AND ASKED ME "HAVE I DONE ANYTHING DEVASTING THIS MORNING" AND I REPLIED NO, AND C/O DAVIS APPROACHED US AND STATED " I/M SMITH I AM ESCORTING YOU OUT OF THE CULINARY, LETS GO " C/O DAVIS GRASPED I/M SMITH BY HIS LEFT ARM TO

☑ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | CSC | | | 2/21/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| M. MOORE [signature] | 3-4-05 | ☑ YES ☐ NO | ☐ YES ☑ NO | |

Distribution: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

PL-58

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE 2000 OF 2000

INCIDENT LOG NUMBER
CTF-CEN- 05-02-008

NAME: LAST
ADAMS

FIRST
STEVE

MI
A.

TYPE OF INFORMATION:
☑ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

ESCORT HIM, I/M SMITH SAID "WHY ARE YOU PUTTING YOUR HANDS ON ME." AND I/M SMITH SLIGHTLY PULLED AWAY FROM C/O DAVIS. C/O DAVIS AGAIN SAID, "I AM ESCORTING YOU OUT." AND AGAIN I/M SMITH PULLED AWAY FROM C/O DAVIS WHEN THE OFFICER ATTEMPTED TO GRASP HIS LEFT ARM. AFTER I/M SMITH REFUSED THE SECOND TIME, C/O DAVIS STEPPED BACK AND ACTIVITATED HIS PERSONAL ALARM AND DREW HIS SIDE HANDLE BATON. C/O DAVIS STOOD IN ONE POSITION WATCHING I/M SMITH, AND I/M SMITH DID NOT MOVE OR SAY ANYTHING. RESPONDING STAFF ARRIVED AND C/O Mc Coy PLACED MECHANICAL RESTRAINTS ON I/M SMITH AND HE WAS ESCORTED OUT OF THE KITCHEN.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
|  | CSC | | | 4/24/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) L.M. MOORE | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| R M Moore | 3 – 4 – 05 | ☑ YES ☐ NO | ☐ YES ☑ NO | |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

PL-59

# EXHIBIT O

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region

1.  CTF-C

2.  JUN 17 2005

Log No.
1. 05 - 01320

2.

Categ

1.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.  LYNN/ARL

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| SMITH | D-89280 | UNASS. | XIN-343 |

A. Describe Problem: PURSUANT TO CCR TIT.15, SEC. 3021 "FALSIFICATION OF RECORDS OR DOCUMENTS", ON 2/27/05 C/O DAVIS FILED A FALSIFIED RVR CDC-115 LOG NO. I-02-05-16 "THREATENING A PUBLIC OFFICIAL" AGAINST THIS WRITER. THE RVR CDC-115 LOG NO. I-02-05-16 WAS DRAMATICALLY REDUCED TO A LESSER CHARGE OF CCR TIT. 15, SEC. 3005(b), AND THE HIGHLY FALSE CHARGES OF "THREATENING A PUBLIC OFFICIAL" WAS DROPPED DUE TO TWO (2) FREE STAFF EYEWITNESSES, CSC ADAMS AND CSC BAKER. WHO WAS BOTH PRESENT DURING THE FALSE ALLEGED INCIDENT, AND WHO

If you need more space, attach one additional sheet.

B. Action Requested: FOR CDC-115 AND CDC-128 WRITTEN BY C/O DAVIS TO BE DISMISSED AND REMOVED FROM MY C-FILE DUE TO C/O DAVIS' FALSIFICATION OF STATE DOCUMENTS

Inmate/Parolee Signature: Lennard Smith                    Date Submitted: 4/21/05

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED

RECEIVED

Signature: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

JUN 17 2005

CTF APPEALS

Date Submitted: _____
CDC Appeal Number:

05 - 01320

E. REVIEWER'S ACTION (Complete within ~~working~~ ) Date assigned: _____ Due Date: _____

Interviewed by: _____

**RECEIVED**

**BYPASS**

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____

Second Level   □ Granted   □ P. Granted   ☒ Denied   □ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **MAY 02 2005** _____ Due Date **JUN 14 2005**
☒ See Attached Letter

Signature: _____ Date Completed: 6-14-05

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of response. **JUN 17 2005**

The Decision To DENY THIS COMPLAINT, clearly CIRCUMVENTS THE "INITIAL ACT"
OF FALSIFICATION OF STATE DOCUMENTS & ASSAULT/BATTERY UPON MY PERSONS,
BY SHIFTING BLAME TO INMATE FOR EVENTS OCCURRING AFTER THE FACT. THE
ACCEPTANCE OF CONSTRUCTIVELY FABRICATED MATERIAL FACTS, BY LT. VERA,
IN LIGHT OF CREDIBLE UNINTERESTED FREE STAFF EYEWITNESSES STATEMEN
EXONARATING ME FROM THE FALSE CHARGES OF "THREATENING (see ATTACHMENT)

Signature: _____ Date Submitted: 6-24-05

For the Director's Review, submit all documents to:   Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   □ Granted   □ P. Granted   ☒ Denied   □ Other _____
☑ See Attached Letter

Date: ~~MAR 29 2006~~

CDC 602 (12/87)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAR 2 9 2006**

In re:    Smith, D-89280
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

IAB Case No.: 0503132        Local Log No.: CTF 05-01320

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #I-02-05-16, dated February 21, 2005, for Threatening Staff. It is the appellant's position the charge is not true and the information as documented by the Reporting Employee is false. He requests that the RVR be dismissed.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was afforded all due process rights and procedural safeguards in the adjudication of the RVR. A review of the RVR indicates that based upon the evidence presented during the hearing, the Senior Hearing Officer (SHO) reduced the original charge to a lesser charge of Refusal To Obey Orders To Be Escorted Out Or Cuff Up, a Division "F" offense. Time constraint violations occurred in the date of the district attorney's referral was received. The original date was noted as March 18, 2005, but the notice was received on March 16, 2005. Therefore, the 30-days forfeiture of credit must be disallowed.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The documentation and arguments are persuasive that the preponderance of evidence presented during the hearing supports the decision rendered by the SHO. The SHO properly documented the hearing and established that the appellant was guilty of a lesser offense. No forfeiture of credits was assessed as all procedural safeguards were not complied with. The Chief Disciplinary Officer appropriately reviewed and audited the RVR. Relief at the Director's Level of Review of not warranted.

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3315, 3317, 3323

**C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SOL
Appeals Coordinator, SOL
Appeals Coordinator, CTF

LYNNARD SMITH D-89280
CSP-SOLANO, 19-116
P.O. BOX 4000
VACAVILLE, CALIFORNIA 95696


JANUARY 5, 2006


INMATE APPEALS BRANCH
1515 S STREET, SACRAMENTO, CA. 95814
P.O. BOX 942883
SACARMENTO, CALIFORNIA 94283-0001


RE: INSTITUTION APPEAL LOG #CTF-C-05-01320 AND IAB LOG #0503132


N. GRANNIS, CHIEF APPEAL COOR.:

I received said IAB Log #0503132 on 11-22-05 at CTF-Soledad. Due
to Institutional lock down status at CTF-Soledad and the Thanks
Givings holiday, I contacted CCI Boles at CTF-Soledad and requested
said copies, I never received said copies from CCI Boles.

I was transferred out of CTF-Soledad on December 15, 2005 to CSP-
Solano Level II. When I went to Classification at CSP-Solano I
requested said copies, but I never received them.  On 1-4-06 I
again contacted CCI R. Cahoon requesting copies. I received said
copies of CDC-115 Log # I-02-05-16 and mailed said copies back to
Sacramento on 1-5-06.

Sincerely,

Lynnard Smith D-89280

STATE OF CALIFORNIA — DEPARTMENT OF ...TIONS AND REHABILITATION                                          ...D SCHWARZENEGGER, GOVERNOR



**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

November 10, 2005

Smith, CDC #D-89280
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Re: Institution Appeal Log #CTF-C-05-01320 and IAB Log #0503132
Disciplinary

Dear Mr. Smith:

The enclosed documents are being returned to you for the following reasons:

Per the Examiner, please provide copies of the CDC 115 that include and clearly
reflect all dates in the adjudicated CDC 115.   Your assigned counselor, the
Appeals Coordinator, or your Parole Agent can answer any questions you may
have regarding the appeals process.   Library staff can help you obtain any
addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

*CCI contacted for Copies
11/30/05 file ordered -BBolur,CCI*

STATE OF CALIFORNIA – DEPARTMENT OF    TIONS AND REHABILITATION    D SCHWARZENEGGER, GOVERNOR

**INMATE AP.?.:ALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



September 1, 2005

Smith, CDC #D-89280
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Re: Institution Appeal Log #CTF-C-05-01320 Disciplinary

Dear Mr. Smith:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing the complete CDC 837, Incident Report; the CDC 128-B, Informational Chrono.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

C07-TH D-89280 602 CONTINUED

.... BOTH CLEARLY CONTRIDICTED C/o DAVIS' VERSION OF THE ALLEGED INCIDENT AFTER THEY, ("CSC ADAMS AND CSC BAKER") WAS INTERVIEWED BY INVESTIGATIVE EMPLOYEE C/o G. EDWARDS ON 3-25-05.

PAGE 3 OF 3 OF EXHIBIT ("A") "ADDITIONAL FINDINGS", BY Lt. VERA CLEARLY SHOWS THAT I WASN'T BEING DISRUPTIVE NOR WAS I GIVEN "ANY" VERBAL ORDERS TO CUFF UP PRIOR TO C/o DAVIS' UNJUSTIFIABLE MISCONDUCT OF SNATCHING ON MY PERSONS.

WITH MALICE AND FORETHOUGHT C/o DAVIS FILED A FALSE RVR CDC-115 AGAINST THIS WRITER. IN HIS ("C/o DAVIS'") WEAK ATTEMPTS TO COVER UP HIS BLATENT MISCONDUCT.

UNDER CCR Tit.15, SEC. 3268.2 (a)(2), AT NO TIME WAS I DISPLAYING ANY TYPE OF PAST OR PRESENT BEHAVIOR TO BE PLACED IN MECHANICAL RESTRAINTS WHEN I WAS CALMLY SPEAKING WITH FREE STAFF CSC ADAMS PRIOR TO C/o DAVIS' MISCONDUCT OF SNATCHING ON MY PERSONS.

THE ALLEGATIONS MADE AGAINST ME IN THIS RVR CDC-115 BY C/o DAVIS IS UNTRUE AND FALSE.

ATTACHMENT TO
SECTION "H"

.... A PUBLIC OFFICIAL", CLEARLY IS A BLATENT
ERROR, AND DOES NOT THE PREPONDERANE OF
EVIDENCE STANDARDS, VIOLATING MY DUE PROCESS
RIGHTS TO A FAIR AND IMPARTIAL HEARING. AT NO
TIME DID I VERBALLY REFUSE ANY ORDER OF
REFUSE TO CUFF UP, PRIOR TO C/O S.G. DAVIS
PHYSICALLY SNATCHING/PULLING ON MY PERSONS.
NEVER DID I TAKE ANY "FIGHTING STANCE" AS
C/O S.G. DAVIS REPORTED IN SAID RVR CDC-115.
CSC ADAMS WAS INTERVIEWED BY INVESTIGATIVE
EMPLOYEE C/O G. EDWARDS. CSC ADAMS STATED,
"NO, HE WAS JUST STANDING THERE NOT MOVING
TILL RESPONDING STAFF ARRIVED." C/O S.G. DAVIS REPORTED
IN SAID RVR CDC-115, THAT I STATED, "GET YOUR
FUCKING HANDS OFF ME." CSC ADAMS SAID THAT I
STATED, "WHY ARE YOU PUTTING YOUR HANDS ON ME?"
CSC BAKER WAS ASKED BY I.E C/O G. EDWARDS, "DID
INMATE SMITH WAS IN A FIGHTING STANCE?" CSC BAKER
REPLIED, "NO. HE JUST WAS STANDING THERE WITH HIS
HANDS BEHIND HIS BACK. STAFF ARRIVED AND CUFF
HIM UP, AND TOOK HIM OUT OF THE KITCHEN." C/O S.G. DAVIS
NEVER HAD ANY LEGAL JUSTIFICATION TO PUT HIS HANDS
ON MY PERSONS. C/O S.G. DAVIS "CONSTRUCTIVELY
FABRICATED MATERIAL "FACTS" TO COVER UP HIS
BLATENT UNPROFFESSIONAL MISCONDUCT.

*Lynnard Smith*

SMITH   D-89280
June 24, 2005

**DEPARTMENT OF CORRECTIONS**
**Correctional Training Facility**
**Soledad, California**

## S U P P L E M E N T A L   P A G E

**RE:**    CTF APPEAL LOG No. *CTF-C-05-01320*
Second Level Reviewer's Response

*SMITH*                              *D-89280*                              *XW-343*

### APPEAL DECISION:

*DENIED*

### APPEAL ISSUE: (1 - Disciplinary)

Dismiss Rules Violation Report (RVR) Log # I-02-05-16 dated 2/21/05 for "THREATENING A PUBLIC OFFICIAL" and remove the by CDC 128 by C/O Davis.

### APPEAL RESPONSE:

Appellant stated the following in his appeal:

(1) CSC Adams and CSC Baker contradict C/O Davis' version of the alleged incident, i.e, at no time was I displaying any type of past or present behavior to be placed in mechanical restraints.

On 05/31/05, appellant was interviewed by the CTF Appeals Coordinator, Mr. W.B. Childress, Correctional Counselor II, to provide him the opportunity to explain his appeal and present supporting information or documents. During the interview appellant stated in essence that CCR 3268.2(a)(2) was violated.

Inmate SMITH, CDC # D-89280 is not in the MHSDS. The designated level of care is Not Applicable. Consequently a CDC Form 115X, Rules Violation Report: Mental Health Assessment Request was not completed as he did not display any bizarre, unusual, or uncharacteristic behavior at the time of the infraction or the hearing. It is noted Inmate SMITH, CDC # D-89280 is fluent in English and does not have a T.A.B.E Reading Score below 4.0.

A thorough review of appellant's appeals package, all of his attachments, and his Central File has been completed and reveals the following:

Second Level Reviewer's Response
**CTF Appeal Log #*CTF-C-05-01320***
Page 2 of 3

On 2/21/05, Inmate SMITH was issued a CDC 115, RVR Log # I-02-05-16 for the specific act of "THREATENING A PUBLIC OFFICIAL."

Inmate SMITH received all documentation to be relied upon more than twenty-four hours prior to the hearing. The appellant was present at the hearing on 4/15/05. The charges were read to him, and he pled NOT GUILTY, stating "Inmate SMITH made no statement at the hearing."

The Senior Hearing Officer (SHO), Correctional Lieutenant, J. Vera found Inmate SMITH GUILTY based on the following: "Refusal to Obey Orders to be Escorted Out or Cuff up," a Division (F) offense. This finding was base upon a preponderance of the evidence submitted at the hearing, which does substantiate the finding.

**<u>REGULATIONS</u>: The rules governing the issues are:**

**California Code of Regulations (CCR), Title 15, Section 3005(c)**
**California Code of Regulations (CCR), Title 15, Section 3315(e) (l)**
**California Code of Regulations (CCR), Title 15, Section 3320(a-f) (l)**
**California Code of Regulations (CCR), Title 15, Section 3268.2**

The First Formal Level of Review was bypassed per California Codes of Regulations (CCR) 3084.5(b)(4).

1) Appellant stated CSC Adams and CSC Baker contradict C/O Davis' version of the alleged incident, i.e., at no time was I displaying any type of past or present behavior to be placed in mechanical restraints.

A review of CDC 115 Log# I-02-05-16 dated 02/21/05 for Threatening a Peace Officer noted at the conclusion of the hearing SHO, Lt. I. Vera reduced the initial charge to a lesser charge of "Refusal to Obey Orders to be Escorted Out or Cuff Up" a division "F" offense.

A review of the hearing procedures and time limitations noted that appellant requested his hearing be postponed pending outcome of referral for prosecution. The CDC 115A noted the "Date Notice of Outcome Received' as 03/18/05, however this is incorrect, the correct date is 03/16/05. The hearing was held/completed 04/18/05 which is not in compliance with CCR 3320(f)(4). Consequently the thirty (30) days forfeiture of credit loss must be disallowed.

It is noted appellant did not request any staff or inmate witnesses at the hearing. The SHO found appellant guilty of a lesser and included charged based upon a preponderance of evidence (refer to CDC 115C page 3 of 3).

Second Level Reviewer's Response
**CTF Appeal Log #*CTF-C-05-01320***
Page 3 of 3

2) Appellant stated CCR Title 15 3268.2 (a)(2) was violated.

CCR 3268.2 references use of restraints. CTF staff upon responding to an alarm situations were in compliance with CCR Title 15 3268.2 (Use of Restraints). Additionally, the use of restraints by staff has no relevance to appellants' requested action to dismiss the CDC 115.

Appellant has not provided any new or additional information upon which to change the disposition of the Senior Hearing Officer, Correctional Lieutenant, J. Vera or information that would substantiate his claim to dismiss the CDC 115, RVR Log # I-02-05-16 dated 2/21/05.

Appellant was afforded due process, and he was found guilty based on a preponderance of the evidence presented at the hearing. Therefore, based on the aforementioned, appellant's appeal to dismiss the CDC 115 is being ***DENIED*** at the Second Level of Review. However, the CDO shall disallow the thirty (30) day forfeiture of credit as procedural time limits were violated.

Reviewed By: _____
P. Barker, Chief Deputy Warden, Central

6-16-05
Date

_____
A. P. Kane, Warden (A)

6/16/05
Date

WBC/ejr

cc:    Appeals Office File
       Inmate's Central File