EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CHRISTOPHER M. YOUNG, State Bar No. 238532
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-5843
 Email: Chris.Young@doj.ca.gov

Attorneys for Defendant Davis

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNNARD A. SMITH,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN G. DAVIS,<br><br>　　　　　　　　　Defendant. | CASE NO. C 07-4089 JSW<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |

**PRELIMINARY STATEMENT**

Plaintiff Lynnard Smith (Plaintiff) brought this civil action under 42 U.S.C. § 1983. In the Order of Service, the Court found Plaintiff stated a cognizable claim of retaliation against Defendant Steven Davis (Defendant). Specifically, the Court found that Plaintiff's retaliation claim consisted of his allegation that he submitted an administrative grievance against Defendant, then Defendant retaliated against Plaintiff by filing a disciplinary report against Plaintiff.

But, Plaintiff alleges in his opposition that there are two instances of retaliation: (1) Plaintiff claims that Defendant retaliated against him by filing a disciplinary report because Plaintiff had give oral notice of his intention to submit an inmate grievance, and (2) Plaintiff also claims that

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss

*Smith v. Davis*
Case No. C 07-4089 JSW

1

Defendant retaliated against him because after Plaintiff submitted inmate appeal CTF-C-05-00663, Defendant was allegedly disciplined for his conduct. Because of this discipline, Defendant allegedly retaliated by reporting safety concerns related to working with Plaintiff.

First, this action must be dismissed because Plaintiff did not properly exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). Plaintiff submitted two inmate appeals in the months following the alleged incident which did not raise the retaliation claim. In his opposition, Plaintiff argues that he did present his retaliation claim through inmate appeal CTF-C-05-01802. Plaintiff's evidence shows that he failed to raise his retaliation claim to prison officials at the Correctional Training Facility, and waited until the Director's Level of review to submit the retaliation claim. The institution must be afforded the opportunity to address an inmate's concerns before being haled into federal court, and here Plaintiff did not provide prison officials at the Correctional Training Facility the opportunity to address the retaliation claim. Therefore, this action should be dismissed without prejudice for failure to exhaust administrative remedies.

Additionally, Defendant is entitled to judgment because Plaintiff failed to present evidence creating a genuine issue for trial. Even when viewing the evidence in the light most favorable to Plaintiff, he has not presented any evidence to rebut Defendant's evidence that his actions were motivated by legitimate penological concerns. Finally, Defendant is entitled to qualified immunity because a reasonable officer faced with Plaintiff's refusal to obey orders could have believed that filing a disciplinary report and reporting safety concerns advanced legitimate penological goals and that the actions were narrowly tailored to serve those goals.

## BACKGROUND

Plaintiff, an inmate worker, and Defendant, a Correctional Officer, both worked in the kitchen at the Correctional Training Facility in February 2005. Defendant's duty was to monitor inmate activity in the kitchen. Plaintiff was reprimanded for causing disturbances over the course of two days, resulting in his removal from the work site. Plaintiff alleges that Defendant was the cause of the disturbances, and that Plaintiff verbally informed Defendant that an inmate grievance would be submitted complaining of Defendant's unprofessionalism.

Plaintiff's supervisor, Correctional Supervising Cook Adams, reprimanded Plaintiff for hostile behavior directed at Defendant on February 20, 2005. Plaintiff was counseled that he would receive a disciplinary report if he continued to cause disturbances, and on February 21, 2005, he created another disruption prompting Defendant to demand that Plaintiff submit to handcuffs and be escorted from the kitchen. It is undisputed that Defendant attempted to escort Plaintiff out of the kitchen, and Plaintiff refused to obey Defendant's orders to submit to handcuffs. After Plaintiff pulled away from Defendant's grasp, Defendant activated his alarm, and correctional officers arrived to escort Plaintiff out of the kitchen. Several days later, while a disciplinary report and witness statements were being prepared, Plaintiff sumitted an administrative grievance complaining that Defendant had physically attacked him for no reason. Plaintiff was charged with "Threatening a Public Official," and was found guilty of the lesser-included offense of "Refusal to Obey Orders to Be Escorted Out or to Cuff-Up."

In conjunction with his opposition to Defendant's summary-judgment motion, Plaintiff submitted a declaration alleging that his First Amendment rights have been chilled as a result of Defendant's retaliatory conduct. But, Plaintiff has not rebutted the evidence proffered by Defendant that the alleged retaliatory actions served legitimate penological interests. Therefore, Defendant is entitled to judgment as a matter of law.

Finally, even if Plaintiff produced evidence sufficient to create a genuine issue of fact as to every essential element of his retaliation claim, Defendant would still be entitled to qualified immunity. A reasonable official in Defendant's position would not have believed that his conduct in the situation confronted was unlawful. A reasonable officer could have believed it was lawful, in the face of Plaintiff's failure to obey a direct order, to file a disciplinary report and alert the facility Captain of safety concerns. As such, Defendant is entitled to qualified immunity.

///
///
///
///

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss    *Smith v. Davis*
Case No. C 07-4089 JSW

3

# ARGUMENT

## I.

### THIS ACTION MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PLRA.

**A.  Standard of Review.**

Non-exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). A non-exhaustion defense should be raised in an non-enumerated Rule 12(b) motion rather than in a motion for summary judgment. *Id.* The Court may look beyond the pleadings and decide disputed issues of fact when ruling on Defendant's non-enumerated Rule 12(b) motion. *Id.* Additionally, Plaintiff may provide evidence to the Court to dispute that which is presented by Defendant. *Id.* & at n.14.

**B.  Analysis.**

In his opposition, Plaintiff presents evidence that his retaliation claim was presented at the Director's Level of review in inmate appeal log number CTF-C-05-01802. (Pl.'s Opp'n 6-8; Pl.'s Decl. Ex. E at 15, Ex. K.) The copy of inmate appeal 05-01802 submitted with Defendant's motion does not contain the narrative at the Director's Level of review (Section H). (*See* Decl. Young Supp. Def.'s Mot. Dismiss & Mot. Summ. J. (Decl. Young), Ex. H at 42.) The version of inmate appeal 05-01802 attached to Defendant's motion is a true and correct copy taken from Plaintiff's central file; it does not contain the Director's Level review section because the Inmate Appeals Branch is a separate agency. (Decl. Young ¶ 9; Decl. Grannis Supp. Def.'s Mot. Dismiss & Mot. Summ. J. (Decl. Grannis) ¶¶ 1-4, 8.) The Inmate Appeals Branch does not maintain an electronic record detailing the contents of Section H of the inmate appeal form. (Decl. Grannis ¶ 3.) Therefore, only Plaintiff has access to Section H of inmate appeal 05-01802, and no "unknown agent . . . has attempted to deceive the Court" as alleged by Plaintiff. (Pl.'s Opp'n 8.)

The inmate appeals process consists of four levels of review. (Decl. Grannis ¶ 2.) Plaintiff argues that by presenting his retaliation claim only at the Director's Level, the PLRA exhaustion

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss     *Smith v. Davis*
Case No. C 07-4089 JSW

4

requirement is satisfied. (Pl.'s Opp'n 7.) But, prisoners are required to exhaust administrative remedies "to reduce the quantity and improve the quality of prisoner suits," which is achieved by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *see also Woodford v. Ngo*, 126 S. Ct. 2378 (2006). In *Woodford*, the Supreme Court held that "proper exhaustion" of the mandatory exhaustion requirement under the PLRA is necessary. *Woodford*, 126 S. Ct. at 2382. "Proper" exhaustion of administrative remedies requires that grievances be submitted within institutional time limits and without other procedural defects. *Id.* The Supreme Court reiterated that "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and quotation marks omitted) (quoting *Woodford*, 126 S. Ct. at 2384). Therefore, "compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id.*

Here, Plaintiff did not comply with prison grievance procedures because he only presented his retaliation claim at the final level of review in inmate appeal CTF-05-01802. (Pl.'s Opp'n 6-8.) The goal of the mandatory exhaustion requirement is to resolve disputes before initiating a federal suit. *Porter*, 534 U.S. at 524-25. Because Plaintiff did not present his claim at any of the first three levels of review, he has not complied with prison grievance procedures, and he has not properly exhausted administrative remedies. Therefore, this action should be dismissed without prejudice. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120.

## II.

**PLAINTIFF DOES NOT REBUT DEFENDANT'S EVIDENCE THAT THE CONDUCT AT ISSUE WAS JUSTIFIED BY LEGITIMATE PENOLOGICAL INTERESTS; THEREFORE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.**

### A.  Standard of Review.

Plaintiff, in his opposition to Defendant's motion for summary judgment, must present admissible evidence showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss     *Smith v. Davis*
Case No. C 07-4089 JSW

5

1   Plaintiff cannot create a genuine issue of material fact by simply making assertions in his
2   opposition. *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F. 2d
3   1235, 1238 (9th Cir. 1982). Summary judgment is appropriate if Plaintiff "fails to make a
4   showing sufficient to establish the existence of an element essential to that party's case, and on
5   which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,
6   322 (1986). Summary judgment cannot be avoided by relying solely on conclusory allegations
7   unsupported by factual data. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989). Normally the
8   court draws all justifiable inferences in the non-movant's favor at the summary judgment stage,
9   but in disputed matters of professional judgment the court's inferences must accord deference to
10  the views of prison authorities. *See Beards v. Banks*, 126 S. Ct. 2572, 2578 (2006).

11  Applying these standards, as discussed below, no material issues of fact exist which would
12  support Plaintiff's claim that Defendant violated Plaintiff's constitutional rights.

13  **B.   Plaintiff's Rule 56(f) Motion.**

14  Plaintiff alleges that he has not had a full opportunity to conduct discovery, and that
15  Defendant's summary-judgment motion should be denied under Federal Rule of Civil Procedure
16  56(f). (Pl.'s Opp'n 9.) In the January 25, 2008 Order of Service, the Court advised Plaintiff to
17  familiarize himself with Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). (Court
18  Docket no. 6 at 3-4.) Although Plaintiff was advised he would have to submit evidence in
19  opposition to Defendant's summary-judgment motion, he did not serve any discovery on
20  Defendant. (Decl. Young Supp. Def.'s Reply ¶¶ 3-4.)

21  In the opposition, Plaintiff correctly cites *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242
22  (1986), for the proposition that "even where the evidence is likely to be within the possession of
23  the defendant," Plaintiff must present affirmative evidence to defeat Defendant's summary-
24  judgment motion. *Id.* (Pl.'s Opp'n 9.) Plaintiff was also given notice in the Order of Service of
25  case law outlining the evidence necessary to adequately state a claim for retaliation. (Court
26  Docket no. 6 at 2.) Plaintiff did not conduct any discovery at all, even though he has had over
27  three months to do so. (Decl. Young Supp. Def.'s Reply ¶ 4.) Therefore, Plaintiff's motion
28  under Rule 56(f) must be denied.

### C. Defendant's Actions Reasonably Advanced Legitimate Correctional Goals; Therefore Plaintiff Does Not Meet His Burden of Proof and Defendant is Entitled to Summary Judgment.

The prisoner must prove all the elements of a viable retaliation claim, including retaliatory motive and the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squanders judicial resources with little offsetting benefit to anyone.'" *Id.* at 807 (*quoting Sandin v. Conner*, 515 U.S. 472, 482 (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.*

Plaintiff's retaliation claim against Defendant fails because he has produced no evidence showing an absence of penological purpose. Defendant's alleged retaliatory actions advanced the legitimate penological goals of institutional safety and security. Defendant's actions, filing a disciplinary report and reporting safety concerns to Captain Pope, advanced legitimate penological goals. Plaintiff was warned he would receive a disciplinary report if he caused disruptions in the kitchen. (Decl. Davis Supp. Def.'s Mot. Dismiss & Mot. Summ. J. (Decl. Davis) ¶ 5.) Defendant ordered Plaintiff to submit to handcuffs, and Plaintiff refused to obey Defendant's direct order. (*Id.* ¶¶ 6-7.) Even Correctional Supervising Cook Adams reported that Defendant stated "Inmate Smith I am escorting you out of culinary let's go" before Defendant placed his hand on Plaintiff's arm. (Decl. Young Ex. C at 27.) Plaintiff was found guilty of "Refusal to Obey Orders to be Escorted Out or Cuff Up" in Rules Violation Report log no. I-02-05-16. (*Id.* at 3.) Lieutenant Vera found that Plaintiff's behavior "clearly defines an act of defiance." (*Id.* at 6.) Plaintiff alleges that it was "determined [he] was not a threat to the safety and security of the institution," when it is clear that the opposite was true. (Pl.'s Opp'n 12; Decl. Young Ex. C.) Plaintiff has not produced evidence that Defendant had a retaliatory motive or lacked a legitimate correctional goal in filing the disciplinary report. In fact, Plaintiff's guilty finding supports the existence of a legitimate goal behind issuance of Rules Violation Report log no. I-02-05-16.

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss  *Smith v. Davis*
Case No. C 07-4089 JSW

Further, by reporting his safety concerns, Defendant also advanced a legitimate penological goal. Captain Pope made the decision to transfer Plaintiff to another prison based on the information presented to him. (Decl. Young Ex. G at 40.) Defendant believed that his safety would be at risk if he were required to work with Plaintiff because Plaintiff exhibited strong animosity towards him (Def.'s Mot. Dismiss & Mot. Summ. J. St. Facts ¶ 2), Plaintiff refused to obey Defendant's orders (¶¶ 7-11), and Defendant had a subjective belief that Plaintiff had violent tendencies (Decl. Davis ¶¶ 7-8). Plaintiff denies that he harbored animosity towards Defendant. (Pl.'s Opp'n 4.) But, he also requested a transfer because he did not want to work around Defendant anymore. (Pl.'s Decl. ¶ 26.) Given the volatile prison environment and the tension between Plaintiff and Defendant, Defendant was justified in reporting his safety concerns when the possibility arose that Plaintiff and Defendant would be assigned to work in the same facility.

Because Plaintiff has not produced any evidence to support an essential element of his retaliation claim, Defendant is entitled to judgment. Fed. R. Civ. P. 56(c) & (e).

### III.

### DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

The defense of qualified immunity applies to "government officials performing discretionary functions," who "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted). The rule of qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 494-495 (1991) (citation omitted).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a sequence of questions to be considered in determining whether qualified immunity is applicable. First, a Court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. If no constitutional right was violated under the alleged facts, the inquiry ends

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss      *Smith v. Davis*
Case No. C 07-4089 JSW

8

and defendants prevail. *Id.* If, however, "a violation could be made out on a favorable view of the parties' submissions," then the next sequential step is to ask whether the right was clearly established. *Id.*

### A. Defendant Is Entitled to Qualified Immunity Because Plaintiff Failed to Show Defendant's Actions Violated a Constitutional Right.

The first step under *Saucier* is to determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. As discussed in detail in section II above, Plaintiff fails to show that Defendant's actions violated his constitutional rights.

### B. Defendant Is Entitled to Qualified Immunity Because It Would Not Have Been Clear to a Reasonable Official that the Conduct at Issue was Unlawful.

Assuming arguendo that a constitutional violation could be found, then the next step under *Saucier* is to ask whether the right violated was a clearly established right. More specifically, the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

The Supreme Court has held that to deny summary judgment any time a material issue of fact remains on a claim could undermine the goal of qualified immunity to "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Saucier*, 533 U.S. at 202 (citing *Harlow*, 457 U.S. at 818).

A reasonable officer in Defendant's position would not have known it was unlawful to either (1) issue Plaintiff a rules violation report following the February 21, 2005 incident, or (2) express his subjective fear for his own safety following the incident. "A reasonable officer could have believed his conduct was lawful if he was 'advancing a legitimate penological goal and his means were narrowly tailored to achieve that goal.'" *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Legitimate goals of a correctional institution "include the preservation of internal order and discipline and the maintenance of institutional security." *Id.* A reasonable officer faced with Plaintiff's disrespectful behavior and refusal to obey the orders to submit to

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss     *Smith v. Davis*
Case No. C 07-4089 JSW

Case 3:07-cv-04089-JSW   Document 20   Filed 06/02/2008   Page 10 of 11

handcuffs could have believed that filing a disciplinary report and reporting safety concerns advanced legitimate penological goals and that the actions were narrowly tailored to serve those goals. *See id.* at 461-62 (correctional officers had qualified immunity for their decision to transfer prisoner to preserve internal order and discipline and maintain internal security; their retaliatory action was narrowly tailored to serve a legitimate penological purpose).

Thus, even if Plaintiff has produced evidence necessary to advance every essential element of his retaliation claim, Defendant is still entitled to qualified immunity because a reasonable officer could have believed the actions at issue advanced legitimate correctional goals and were narrowly tailored.

## CONCLUSION

This action should be dismissed without prejudice for failure to properly exhaust administrative remedies as required by the PLRA because Plaintiff did not present the retaliation claim to prison officials at the Correctional Training Facility. Defendant is also entitled to judgment because Plaintiff has not shown the absence of legitimate penological goals for the conduct at issue. Finally, Defendant is entitled to qualified immunity.

Dated: June 2, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

CHRISTOPHER M. YOUNG
Deputy Attorney General
Attorneys for Defendant Davis

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. & Mot. Dismiss

*Smith v. Davis*
Case No. C 07-4089 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **L. A. Smith v. S.G. Davis**

No.:   **C 07-4089 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2008, I served the attached

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

**DECLARATION OF CHRISTOPHER YOUNG SUPPORTING DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Lynnard A. Smith, D-89280**
**California State Prison, Solano**
**P.O. Box 4000**
**Vacaville, CA 95696-4000**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2008, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | *signature* |
| Declarant | Signature |

40260560.wpd